UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, <br> INDIVIDUALLY AND ON BEHALF OF <br> ALL OTHERS SIMILARLY SITUATED, <br><br> **Plaintiff** <br><br> v. <br><br> GENERAL REVENUE CORPORATION, <br><br> Serve: Corporation Service Company <br> Bank of America Center <br> 16th Floor <br> 1111 E. Main Street <br> Richmond, VA 23219 <br><br> **Defendant.** | Civil Action No. 7:17cv292 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### INTRODUCTION

1. Willie Henderson brings this suit on behalf of himself and all those similarly situated against Defendant General Revenue Corporation, to redress Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in its efforts to collect federal student loan debts from Plaintiff and others similarly situated. Plaintiff seeks on behalf of himself and the class members, class certification, statutory damages, actual damages, declaratory relief, attorney's fees, and costs.

### JURISDICTION

2. Jurisdiction in this Court is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of

1

the events and omissions giving rise to the claims occurred in this District.

## PARTIES

4. Willie Henderson is a natural person who resides in Roanoke, Virginia and is a "consumer" under 15 U.S.C. §1692a(3).

5. Defendant General Revenue Corporation ("GRC") is an Ohio corporation headquartered at 11501 Northlake Drive, Cincinnati, Ohio 45249-1643. GRC is a "debt collector" under 15 U.S.C. §1692a(6), because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another from consumers located across the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. In or around 1995, Plaintiff obtained a federal student loan in the amount of $13,760.00 to attend ECPI. Plaintiff has intermittently made payments on this loan from 1997 through 2015 when finances permitted. On information and belief, Plaintiff has made over 90 payments on the loan.

8. Plaintiff's federal student loans are "debts" as that term is defined by the FDCPA.

9. Plaintiff is a debtor with federal student loans that were placed into default status.

10. Upon default, the guaranty agency, in this case United Student Aid Funds ("USAF"), pays the lender and takes assignment of the loan.

11. Plaintiff's debt was then assigned, purchased, placed or otherwise transferred to Defendant for collection purposes.

12. Pursuant to federal regulations, the guaranty agency (USAF), after it pays a default claim on a loan but before it reports the default to a consumer reporting agency or *assesses collection costs against a borrower*, shall, within forty-five days, provide the borrower with written notice that meets the requirements of 34 C.F.R. § 682.410 (b)(5)(vi), an opportunity to inspect and copy agency records pertaining to the loan obligation, an opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation, and an opportunity to enter into a repayment agreement on terms satisfactory to the agency. 34 C.F.R. § 682.410(b)(5)(ii); 34 C.F.R. § 682.410(b)(6)(ii).

13. During this same forty-five-day time period, the agency must notify the borrower that if he or she does not make repayment arrangements acceptable to the agency, the agency will promptly initiate procedures to collect the debt. The agency's notification to the borrower must state that the agency may administratively garnish the borrower's wages, file a civil suit to compel repayment, offset the borrower's State and Federal income tax refunds and other payments made by the Federal Government to the borrower, assign the loan to the Secretary in accordance with 34 C.F.R. § 682.409, and take other lawful collection means to collect the debt, at the discretion of the agency. The agency's notification must include a statement that borrowers may have certain legal rights in the collection of debt, and that borrowers may wish to contact counselors or lawyers regarding those rights. 34 C.F.R. § 682.410(b)(6)(ii).

14. The deadline established by the agency for requesting administrative review under 34 C.F.R. § (b)(5)(ii) must allow the borrower *at least 60 days* from the date the notice described in 34 C.F.R. § (b)(5(ii)(A) is sent to request that review. 34 C.F.R. § 682.410(b(5)(iv)(B) (emphasis added).

15. Federal regulations also require the inclusion of certain specific information in the notice of default. The required information consists, in part, of the following:

   a. Identification of the school for attendance at which the loan was made. 34 C.F.R. § 682.410(b)(5)(vi)(B).

   b. A demand that the borrower immediately begin repayment of the loan. 34 C.F.R. § 682.410(b)(5)(vi)(D).

   c. An explanation of the interest rate on the loan, the authority for assessing the costs, and how the agency will calculate the amount of the costs. 34 C.F.R. § 682.410(b)(5)(vi)(E).

   d. Notification that the agency will report the default to all nationwide consumer reporting agencies to the detriment of the borrower's credit rating. 34 C.F.R. § 682.410(b)(5)(vi)(F).

   e. An explanation of the opportunities available to the borrower under agency rules to request access to the agency's records on the loan, to request an administrative review of the legal enforceability or past-due status of the loan, and to reach an agreement on repayment terms satisfactory to the agency to prevent the agency from reporting the loan as defaulted to consumer reporting agencies and provide deadlines and method for requesting this relief. 34 C.F.R. § 682.410(b)(5)(vi)(G).

   f. A specific description of any other enforcement action, such as offset against federal or state income tax refunds or wage garnishment that the agency intends to use to collect the debt, and an explanation of the procedures available to the borrower prior to those enforcement actions for access to records, for an administrative review, or for agreement to alternative repayment terms. 34 C.F.R. § 682.410(b)(5)(vi)(H).

   g. A description of the grounds on which the borrower may object that the loan obligation as stated in the notice is not a legally enforceable debt owed by the borrower. 34 C.F.R. § 682.410(b)(5)(vi)(I).

   h. A description of the appeal rights available to the borrower from an adverse decision on administrative review of the loan obligation. 34 C.F.R. §682.410(b)(5)(vi)(J).

   i. A description of the borrower's right to judicial review of an adverse decision by the agency regarding the legal enforceability or past-due status of the loan obligation. 34 C.F.R. § 682.410(b)(5)(vi)(K).

   j. A description of the collection actions that the agency may take in the future if those presently proposed do not result in repayment of the loan obligation, including the filing

of a lawsuit against the borrower by the agency and assignment of the loan to the Secretary for the filing of a lawsuit against the borrower by the Federal Government. 34 C.F.R. § 682.410(b)(5)(vi)(L).

k. A description of the options that are available to the borrower to remove the loan from default, including an explanation of the fees and conditions associated with each option. 34 C.F.R. § 682.410(b)(5)(vi)(M).

16. On February 7, 2017, Defendant sent the notice required by 34 C.F.R. § 682.510(b)(5) and (6) on behalf of the guarantor of Plaintiff's student loans, USAF.

17. The notice, attached as Exhibit A, listed USAF as the creditor, principal of $102,174.81, interest of $1,861.86, and collection charge of $20,430.70.

18. Upon information and belief, Plaintiff does not owe the amounts listed on the notice.

19. The notice, attached as Exhibit A, states: "Unless you notify this office within *30 days* after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within *30 days* from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within *30 days* after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (Emphasis added).

20. The notice did not identify the school for attendance at which the loan was made.

21. The notice did not demand that the borrower immediately begin repayment of the loan.

22. The notice did not include an interest rate or explain how the costs are calculated, or the authority for collecting them.

23. The notice did not notify the borrower that the agency will report the default to all nationwide consumer credit reporting agencies to the detriment of the borrower's credit rating.

24. The notice did not explain the opportunities available to the borrower under agency rules to request access to the agency's records on the loan, to request an administrative review of the legal enforceability or past-due status of the loan, to reach an agreement on repayment terms satisfactory to the agency to prevent the agency from reporting the loan as defaulted to consumer reporting agencies, or provide deadlines and methods for requesting this relief. Nor does it include an accurate description of the time-period within which the borrower may request an administrative review of the legal enforceability or past-due status of the loan.

25. Although the notice did describe offset against federal or state income tax refunds or wage garnishment, it did not explain the procedures available to the borrower prior to those other enforcement actions for access to records, for an administrative review, or for agreement to alternative repayment terms.

26. The notice did not describe the grounds on which the borrower may object that the loan obligation as stated in the notice is not a legally enforceable debt owed by the borrower.

27. The notice did not describe any appeal rights available to the borrower from an adverse decision on administrative review of the loan obligation.

28. The notice did not describe any right to judicial review of an adverse decision by the agency regarding the legal enforceability or past-due status of the loan obligation.

29. The notice did not advise of the possibility of the agency filing a lawsuit against the borrower.

30. The notice failed to inform the borrower of options available to the borrower to

6

remove the loan from default, along with an explanation of the fees and conditions associated with each option.

31. The notice failed to inform the borrower that the borrower may have certain legal rights in the collection of debts, and that borrowers may wish to contact counselors or lawyers regarding those rights.

32. These described acts and omissions of the Defendant injured Plaintiff and proposed class members in a concrete way.  Because of Defendant's acts and omissions, Plaintiff and proposed class members were subjected to threats and collection attempts from Defendant, which contained material misrepresentations that deceptively and misleadingly concealed from Plaintiff and proposed class members rights which Congress has put in place to protect and safeguard student loan borrowers, as set forth in 34 C.F.R. § 682.410.  Among other things, Plaintiff and proposed class members were not informed that they had a right: (1) to inspect and copy the agency records pertaining to the loan obligation, (2) to an administrative review of the legal enforceability or past-due status of the loan obligation, and (3) to enter into a repayment agreement on terms satisfactory to the agency.  Plaintiff and proposed class members were denied these rights.  Also, Defendant has imposed collection charges upon Plaintiff and proposed class members without authorization, and has attempted to collect a debt which Plaintiff does not owe.

33. The described acts and omissions of Defendant injured Plaintiff and proposed class members in a particularized way, in that Defendant was obligated by the FDCPA to supply accurate and non-misleading information to Plaintiff and proposed class members, specifically, because Defendant was attempting to collect a debt.  Moreover, Defendant was obligated by 34

7

C.F.R. § 682.410 to supply full and accurate information concerning the rights attending Defendant's acquisition of a defaulted loan under a guarantee agreement. The failure of Defendant to provide the required notices, its premature imposition of unauthorized collection charges, and its attempt to collect amounts that were not owed, have resulted in injuries to Plaintiff and the proposed class.

## CLASS ALLEGATIONS

34. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

35. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class preliminarily defined as follows:

> All natural persons who are residents of Virginia who are similarly situated to Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Defendant sent them a letter in a form substantially similar or materially identical to Exhibit A.

36. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, but this information is known by Defendant and readily ascertainable by discovery. Based upon available information concerning Defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and alleges that there are hundreds and, probably, thousands of individuals in the class.

37. There is a community of interest among proposed class members in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

38. Plaintiff's claims are typical of those of the Class that he seeks to represent. Plaintiff is also entitled to relief under the same causes of action as other members of the putative class.

39. Plaintiff is represented by counsel competent and experienced in consumer protection specific to students, and class action litigation, and he has no conflicts with proposed class members.

40. Common questions of law and fact predominate over individual questions, in that the letter is a form letter, and any individual questions are subordinate to the common questions. Common questions include but are not limited to:

    a. Was the Defendant's notice of default in violation of the FDCPA because it was false, deceptive or misleading because of the following flaws, considered individually or in combination:

        i. Misstating that a defaulted student borrower has only 30 days to dispute the validity of the debt when federal law provides that a borrower has 60 days to request an administrative review of the legal enforceability or past-due status of his or her account;

        ii. Failing to identify the school for attendance at which the loan was made when federal law requires such information to be included;

        iii. Failing to demand that borrower immediately begin repayment of the loan when federal law requires such demand be included;

        iv. Failing to include an interest rate or explain how the costs are calculated, or the authority for collecting them when federal law requires inclusion of such information;

        v. Failing to notify the borrower that the agency would report the default to all nationwide consumer reporting agencies to the detriment of the borrower's credit

9

rating when federal law requires such information to be included;

vi. Failing to explain the opportunities available to the borrower under agency rules to request access to the agency's records on the loan when federal law requires such information to be included;

vii. Failing to explain the opportunities available to the borrower under agency rules to request an administrative review of the legal enforceability or past-due status of the loan when federal law requires such information to be included;

viii. Failing to explain the opportunities available to the borrower under agency rules to reach an agreement on repayment terms satisfactory to the agency to prevent the agency from reporting the loan as defaulted to consumer reporting agencies and provide deadlines and method for requesting this relief when federal law requires such information to be included;

ix. Failing to describe specifically any other enforcement action, such as offset against federal or state income tax refunds or wage garnishment that the agency intends to use to collect the debt, and explain the procedures available to the borrower prior to those other enforcement actions for access to records, for an administrative review, or for agreement to alternative repayment terms when federal law requires such information to be included;

x. Failing to describe the grounds on which the borrower may object that the loan obligation as stated in the notice is not a legally enforceable debt when federal law requires such information to be included;

xi. Failing to describe any appeal rights available to the borrower from an

10

adverse decision on administrative review of the loan obligation when federal law requires such information to be included;

xii. Failing to describe any right to judicial review of an adverse decision by the agency regarding the legal enforceability or past-due status of the loan obligation when federal law requires such information to be included;

xiii. Failing to mention the possibility of the agency filing a lawsuit against the borrower, and assignment of the loan to the Secretary for the filing of a lawsuit against the borrower by the federal government when federal law requires such information to be included;

xiv. Failing to inform the borrow of the options that are available to the borrower to remove the loan from default, including an explanation of the fees and conditions associated with each option; and

xv. Assessing collection charges prior to the time-period in which collection charges are authorized.

b. If the notice of default was in violation of the FDCPA, what statutory damages should be awarded.

41. A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications and could create incompatible standards of conduct for Defendant.

11

Moreover, because most proposed class members are unaware of their rights under 34 C.F.R. § 682.410, such as their right to request access to the agency's records on the loan, to request an administrative review of the legal enforceability or past-due status of the loan, and to reach an agreement on repayment terms, they are unlikely to bring independent actions, and a class action is the only way that these violations can be rectified.

## CAUSES OF ACTION

### COUNT ONE - INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

42. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

43. Plaintiff is a "consumer" under 15 U.S.C. §1692a(3).

44. Defendant is a "debt collector" under 15 U.S.C. §1692a(6).

45. The amount Defendant sought to collect from Plaintiff is a "debt" under 15 U.S.C. § 1692a(5).

46. The February 7, 2017 letter captioned "Defaulted Loans" mailed by Defendant to Plaintiff is a communication under 15 U.S.C. §1692a(2).

47. Defendant's communication asserted that Defendant had the legal right to collect principal in the amount of $102,174.81, interest in the amount of $1,861.86, and collection charges in the amount of $20,430.70.

48. Defendant's assertion that it had the legal right to collect these amounts comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

49. Defendant's assertion that it had the legal right to collect these amounts comprised a false representation of the character, amount, or legal status of the debt, as well as a false

representation of the services rendered or compensation which may be lawfully received by Defendant for its collection of the debt in violation of 15 U.S.C. §1692e(2)(A).

50. Because of Defendant's violation of the FDCPA, Plaintiff has suffered, anxiety, stress, emotional distress, embarrassment, and other damages.

## COUNT TWO - CLASS CLAIM FOR VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e and 1692f

51. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

52. Plaintiff is a "consumer" under 15 U.S.C. §1692a(3).

53. Defendant is a "debt collector" under 15 U.S.C. §1692a(6).

54. The amount Defendant sought to collect from Plaintiff is a "debt" under 15 U.S.C. §1692a(5).

55. Defendant sent Plaintiff a communication attempting to collect his student loan debt.

56. Defendant sent the same notice to hundreds or thousands of other consumers in Virginia who owed a defaulted student loan debt in the year prior to the commencement of this lawsuit.

57. The notice violates §1692e and §1692f because it falsely represents the character, amount or legal status of the debts, it employs false representations and deceptive means to collect a debt and to obtain information concerning a consumer, and uses unfair and unconscionable means to collect and attempt to collect debts from Plaintiff and proposed class members. Specifically, the notice is false, deceptive or misleading and uses unfair and unconscionable means to attempt to collect based on the following misstatements, inclusions and exclusions, considered individually or in combination. The notice:

   i. Misstates the amount of time a student loan borrower has to request an administrative

review of the legal enforceability or past-due status of his or her loan;

ii. Fails to identify the school for attendance at which the loan was made;

iii. Fails to demand that borrower immediately begin repayment of the loan;

iv. Fails to include an interest rate or explain how the costs are calculated, or the authority for collecting them;

v. Fails to notify the borrower that the agency will report the default to all nationwide consumer reporting agencies to the detriment of the borrower's credit rating;

vi. Fails to explain the opportunities available to the borrower under agency rules to request access to the agency's records on the loan;

vii. Fails to explain the opportunities available to the borrower under agency rules to request an administrative review of the legal enforceability or past-due status of the loan;

viii. Fails to explain the opportunities available to the borrower under agency rules to reach an agreement on repayment terms satisfactory to the agency to prevent the agency from reporting the loan as defaulted to consumer reporting agencies and fails to provide deadlines and method for requesting this relief;

ix. Fails to describe specifically any other enforcement action, such as offset against federal or state income tax refunds or wage garnishment that the agency intends to use to collect the debt, and fails to explain the procedures available to the borrower prior to those other enforcement actions for access to records, for an administrative review, or for agreement to alternative repayment terms;

x. Fails to describe the grounds on which the borrower may object that the loan obligation as stated in the notice is not a legally enforceable debt;

xi. Fails to describe any appeal rights available to the borrower from an adverse decision on administrative review of the loan obligation;

xii. Fails to describe any right to judicial review of an adverse decision by the agency regarding the legal enforceability or past-due status of the loan obligation;

xiii. Fails to mention the possibility of a lawsuit being filed against the borrower by the agency and assignment of the loan to the Secretary for the filing of a lawsuit against the borrower by the federal government when federal law requires such information to be included;

xiv. Fails to inform the borrower of the options that are available to remove the loan from default, including an explanation of the fees and conditions associated with each option; and

xv. Assesses premature and unauthorized collection charges.

58. Plaintiff and the proposed class members have suffered concrete, particularized harms to legally protected interests because Defendant's false, deceptive, misleading representations, and unfair and unconscionable means to collect from Plaintiff and proposed class members could detrimentally affect Plaintiff's and proposed class members' decision-making with respect to the alleged debts.

59. Defendant is liable to Plaintiff and the proposed class members to whom it sent the letter pursuant to 15 U.S.C. §1692k.

60. Because of Defendant's violation of the FDCPA, Plaintiff and proposed class members have suffered, anxiety, stress, emotional distress, embarrassment, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court certify this action as a class

action, appoint Plaintiff class representative, appoint Plaintiff's counsel as class counsel, and award:

I. Plaintiff actual damages in an amount to be determined at trial and statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(1) and §1692k(a)(2)(A), as to Count I;

II. Plaintiff actual damages in an amount to be determined at trial and statutory damages of $1000.00 pursuant to 15 U.S.C. §1692k(a)(1) and §1692k (a)(2)(B)(i), as to Count II;

III. Class members, actual damages in an amount to be determined at trial and statutory damages, to be divided pro rata, of $500,000.00 or 1% of the net worth of Defendant, whichever is less, pursuant to 16 U.S.C. §1692k(a)(1) and §1692k(a)(2)(B)(ii);

IV. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

V. Whatever other relief this Court deems just and proper.

TRIAL BY JURY DEMANDED.

Respectfully submitted,

WILLIE HENDERSON, individually and on behalf of all others similarly situated

By: /s/ John P. Fishwick, Jr.
    Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
Monica.mroz@fishwickandassociates.com
Fishwick & Associates PLC
101 South Jefferson Street, Suite 500
Roanoke, Virginia 24011
(540) 345-5890 (telephone)
(540) 345-5789 (facsimile)

*Counsel for Plaintiff*

16