IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br><br>And<br><br>PIONEER CREDIT RECOVERY, INC.<br><br>　　　　Defendants. | Civil No. 7:17-cv-00292 |

## ORDER

In this case, plaintiff Willie Henderson, by counsel, brings claims against defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Henderson brings his claims for himself, as well as for a proposed class of persons in Virginia, though no class has yet been certified. Currently before me is Henderson's motion to compel (Dkt. No. 23), asking the court to order defendant General Revenue Corporation ("GRC") to respond to discovery, to find GRC has waived all previous objections, including the attorney client privilege and work product protection, and to impose monetary sanctions. I heard oral argument on March 9, 2018, and for the reasons explained at the hearing, it is ORDERED that Henderson's motion to compel (Dkt. No. 23) is GRANTED IN PART and DENIED IN PART as follows:

　　　(1) Defendant GRC's general objections to the interrogatories and requests for production of documents are OVERRULED. However, I find that GRC has not

waived its objections related to the attorney client privilege and the work product doctrine. If GRC asserts protections based on the attorney client privilege and/or work product doctrine when responding to the discovery at issue, GRC shall file a privilege log related to those assertions.

(2) I will enter a protective order regarding confidential and proprietary information and the parties are directed to submit any proposed agreed protective order within seven days of the entry of this order.

(3) GRC shall answer interrogatories 1, 9, 10, 14, and 15 within 14 days from the date of this order. Defendant GRC shall also answer interrogatory 11, but only as related to Henderson's loan, within 14 days from the date of this order.

(4) If the class claims, Counts V and VI, substantively survive the pending motion to dismiss, within 14 days from the court's ruling on the motion to dismiss, the parties shall either jointly propose a discovery plan and schedule for class certification or schedule a Rule 16 conference with the court to create such a plan. The discovery plan shall include a time frame to answer interrogatories 2, 3, 4, and 5.

(5) If any claims substantively survive the pending motion to dismiss, within 21 days of the court's ruling on the motion to dismiss, GRC shall answer interrogatories 6 and 7. GRC shall also answer interrogatory 8 within 21 days of the court's ruling on the motion to dismiss, but only as limited to January 1, 2012 and only when a party in a lawsuit, arbitration, or investigation has asserted a claim against GRC seeking affirmative relief under the FDCPA.

(6) If Henderson's claims survive the motion to dismiss, GRC shall answer interrogatories 12 and 13 simultaneously with filing its answer to the Amended Complaint.

(7) GRC shall respond to requests for production of documents 2, 3, 4, 5, 12, 14, 15, and 16 within 14 days from the date of this order. GRC shall also respond to request for production of documents 1, but limited only to the interrogatories for which I have ordered a response, and 6 and 11, both limited only as to Henderson's loan indebtedness, all within 14 days from the date of this order.

(8) If any claims substantively survive the pending motion to dismiss, within 21 days of the court's ruling on the motion to dismiss, GRC shall respond to requests for production of documents 7, 8, and 13.

(10) The motion to compel is DENIED to the extent it seeks attorney's fees and costs as a sanction for having to file the motion to compel.

                          Entered: March 9, 2018

                          *Robert S. Ballou*

                          Robert S. Ballou
                          United States Magistrate Judge