IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Civil Action No. 7:17-cv-292 |
| ) v. ) ) | |
| GENERAL REVENUE CORPORATION, ) et al., ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Willie Henderson ("Henderson") brings this action under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. relating to efforts by Defendants General Revenue Corporation and Pioneer Credit Recovery, Inc. (collectively, "the GRC Parties") to collect delinquent student loans. Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts I-III and V of the Amended Complaint. Dkt. No. 32. The GRC Parties argue that Counts I-III and V, which allege that the GRC Parties did not provide certain disclosures required under the FDCPA, must fail because all required disclosures for collection of a student loan debt under 34 C.F.R. § 682.410 were provided in its "Claims Paid Letter." I **RECOMMEND DENYING** the GRC Parties' motion to dismiss (Dkt. No. 32), and instructing the parties to schedule a Rule 16 conference to establish a pre-trial schedule to complete discovery on both the individual and class claims.

## I.   BACKGROUND

In the mid-1990s, Henderson took out a federal student loan for $13,760.00 to attend ECPI University. Am. Compl. ¶ 8, Dkt. No. 19-1. Henderson initially made payments toward

his student loan debt, but eventually defaulted, resulting in the guaranty agency, United Student Aid Funds, Inc. ("USAF"), paying the lender and taking assignment of the loan. Id. ¶¶ 8, 10-11. USAF then transferred the debt to defendant General Revenue Corporation ("GRC") for collection. Id. ¶ 12.

On February 7, 2017, GRC sent Henderson a letter advising that he had defaulted on his student loan debt and owed $102,174.81 in principal, $1,861.86 in interest, and $20,430.70 in collection costs. Id. ¶¶ 18-19. Henderson denies that he owes those amounts. Id. ¶ 20. In response to GRC's February 7, 2017 letter, Henderson sent two letters disputing the validity of the debt, requesting verification of the debt and information about the loan, and demanding that GRC cease communications other than those required to verify the debt. Id. ¶¶ 31, 33. GRC did not provide the requested verification or information. Id. ¶¶ 32, 34.

Around this time, GRC or its parent company, Navient Corporation ("Navient"), transferred Henderson's account to defendant Pioneer Credit Recovery, Inc. ("Pioneer"), which is also a Navient subsidiary. Id. ¶ 35. On September 30, 2017, Henderson received a collection letter from Pioneer which neither verified the debt, nor assessed additional collection costs. Id. ¶ 37. Pioneer also sent Henderson an undated letter, postmarked November 1, 2017, notifying Henderson of USAF's intent to institute administrative wage garnishment proceedings against Henderson. Id. ¶¶ 38-39.

On June 22, 2017, Henderson, individually and on behalf of a class of similarly situated plaintiffs, brought this action against GRC. Henderson amended the complaint to add Pioneer as a defendant and to include two classes: Class A and Class B. Id. ¶ 57. Henderson defines Class A to include "[a]ll natural persons who are residents of Virginia who are similarly situated to Plaintiff in that, within one year of the commencement of this action and continuing to the date

that an order is entered certifying this class, Defendant GRC sent them a letter in a form substantially similar or materially identical to [the February 7, 2017 letter]." Id.  Class B concerns Pioneer's November 1, 2017 letter. Id.

The Amended Complaint sets forth six counts under the FDCPA.  The GRC Parties seek to dismiss Counts I through III, individual claims relating only to Henderson, and Count V, a class claim.[1]  Count I alleges that GRC and Pioneer violated § 1692e of the FDCPA by making false, deceptive, or misleading representations in the February 7, 2017, September 30, 2017, and November 1, 2017 letters.  Id. ¶¶ 70-75.  This count appears to allege that GRC, and later Pioneer, lacked the authority to collect the identified amounts because they had not provided certain disclosures required in connection with Henderson's student loan debt and which are set forth in 34 C.F.R. § 682.410.  See id.  Count I further alleges that GRC and Pioneer violated § 1692e(2)(A) because Henderson denies that he owes the amounts listed in the letters.  Id. ¶ 74.  Count II alleges that GRC violated § 1692g of the FDCPA by failing to provide verification of Henderson's debt when requested and by continuing its collection efforts through Pioneer after Henderson disputed the debt.  Id. ¶¶ 83-84.  In Count III, Henderson claims that GRC and Pioneer violated § 1692c of the FDCPA by contacting him after he demanded that they cease such communications.  Id. ¶¶ 94-96.  Finally, Count V alleges, on behalf of Class A, that GRC's February 7, 2017 letter violates § 1692e and § 1692f by misrepresenting GRC's authority to assess collection costs when GRC had not made the disclosures required under 34 C.F.R. § 682.410 to assess such costs.  Id. ¶ 115(a), (b)(i).  Henderson further alleges that GRC misled him and the proposed class members about administrative wage garnishment proceedings.  Id. ¶ 115(b).

---

[1] The GRC Parties did not move to dismiss Count IV, which is an individual claim for violation of the FDCPA by defendant Pioneer, and Count VI, which states a claim on behalf of Class "B" for violation of the FDCPA by defendant Pioneer.

## II.     ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of a complaint." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of the allegations set forth in the complaint and the documents attached or incorporated into the complaint." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (internal quotation marks omitted). Courts "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). A document is integral if it "by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks

omitted); see also Goines, 822 F.3d at 166 ("Goines' claims do not turn on, nor are they otherwise based on, statements contained in the Incident Report . . . . Under these circumstances, the Incident Report arguably is not integral to the complaint and therefore should not have been considered by the district court."). Ultimately, the Court retains discretion "'to "exclude" matters outside the pleadings.'" Deegan v. Moore, No. 7:16-CV-00260, 2017 WL 1194718, at *3 (W.D. Va. Mar. 30, 2017) (Dillon, J.) (quoting Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 996 (4th Cir. 1997)).

In the instant case, the GRC Parties' motion to dismiss relies entirely upon a document that Henderson did not attach or refer to in the Amended Complaint. Specifically, the GRC Parties assert that a letter sent to Henderson dated November 25, 2016, which the GRC Parties call a "Claims Paid Letter," contains the disclosures required by federal regulations governing Henderson's student loan and therefore, Counts I-III and V of the Amended Complaint should be dismissed. Dkt. No. 33. The GRC Parties argue that the November 25, 2016 Claims Paid Letter ("Claims Paid Letter") is integral to the complaint because it is the document that contains the disclosures required under 34 C.F.R. § 682.410, rather than the letters upon which Henderson relies in the Amended Complaint. Id. at p. 2. The GRC Parties assert that they made the disclosures required by federal regulations governing Henderson's student loan in the Claims Paid Letter, and therefore, Counts I-III and V of the Amended Complaint are baseless.

I find that the Claims Paid Letter is not integral to the Amended Complaint, and in any event, should not be considered by the Court at this point as an exercise in discretion. The GRC Parties do not provide any specific support for their assertion that the 34 C.F.R. § 682.410 disclosures must be made in the particular document that they identify as a Claims Paid Letter, rather than in the letters attached to the Amended Complaint. Moreover, the Amended

5

Complaint alleges misrepresentation and other violations under the FDCPA, which are separate from the underlying right to disclosures under 34 C.F.R. § 682.410.  See Kort v. Diversified Collection Servs., Inc., 270 F. Supp. 2d 1017, 1023 (N.D. Ill. 2003); Arroyo v. Solomon and Solomon, P.C., No. 99-CV-8302 (ARR), 2001 WL 1590520, at *5 (E.D.N.Y. Nov. 16, 2001). Specifically, Henderson asserts that the GRC Parties made false, deceptive, or misleading representations relating to a debt; made false representations of the character, amount or legal status of a debt; failed to verify the debt; and violated Henderson's demands to cease communications. Dkt. No. 19-1, ¶¶ 66-99. The Claims Paid Letter may ultimately prove important to this case and the disclosures required for the collection of a delinquent student loan debt. However, it is not readily apparent from the face of the Amended Complaint that the letter addresses all of the legal rights asserted by the plaintiff under the FDCPA.

      The circumstances of this case also support my finding that the Claims Paid Letter should not be considered at the motion to dismiss stage. Regardless of whether the Court considers the Claims Paid Letter, the case will proceed with class discovery on Count VI and likely Count V of the Amended Complaint.  Further, even if I accepted the GRC Parties' assertion that the Claims Paid Letter contains the disclosures required by the applicable regulations, it would not entirely dispose of Counts I-III and V. Under these circumstances, I am mindful that the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the allegations in the complaint, not to assess the evidence to support those allegations.  Thus, I find that this case presents an appropriate occasion for exercising the discretion accorded to district courts to exclude consideration of materials outside the pleadings.  Because the GRC Parties' motion depends entirely on the Court's consideration of the Claims Paid Letter, and I decline to consider it, I find that the motion must be denied.

### III. CONCLUSION

For the foregoing reasons, I **RECOMMEND DENYING** the GRC Parties' Partial Motion to Dismiss Amended Complaint, (Dkt. No. 32), and directing the parties to schedule a Rule 16 conference on both the class and individual claims.

The Clerk is directed to transmit the record in this case to Glen E. Conrad, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Fed. R. Civ. P. 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: August 7, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge