CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 25 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WILLIE HENDERSON, individually and )
on behalf of all others similarly situated, )
) Civil Action No. 7:17CV00292
Plaintiff, )
) **MEMORANDUM OPINION**
v. )
) By: Hon. Glen E. Conrad
GENERAL REVENUE CORPORATION, ) Senior United States District Judge
et al., )
)
Defendants. )

Plaintiff Willie Henderson brings this action against General Revenue Corporation and Pioneer Credit Recovery, Inc., alleging that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, in their efforts to collect federal student loan debts from Henderson and others similarly situated. The defendants moved to dismiss certain counts of the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court referred the motion to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 8, 2018, the magistrate judge submitted a report in which he recommends that the court deny the defendants' motion. The defendants have filed an objection to the magistrate judge's report, and the matter is now ripe for the court's consideration. For the following reasons, the court will overrule the defendants' objection, adopt the magistrate judge's report and recommendation, and deny the defendants' partial motion to dismiss.

## Background

In the mid-1990s, Henderson obtained a federal student loan in the amount of $13,760.00 to attend ECPI University. Am. Compl. ¶ 8, Dkt. No. 43. Henderson initially made payments toward his student loan debt, but eventually defaulted on his loan obligations. Id. ¶¶ 8, 10. Upon default, the guaranty agency, United Student Aid Funds, Inc. ("USAF"), paid the lender and took

assignment of the loan. Id. ¶ 11. USAF then transferred the debt to defendant General Revenue Corporation ("GRC") for collection. Id. ¶ 12.

On February 7, 2017, GRC sent Henderson a letter advising that he had defaulted on his student loan debt and owed $102,174.81 in principal, $1,861.86 in interest, and $20,430.70 in collection charges. Id. ¶¶ 18-19. Henderson alleges that he does not owe the amounts stated in the letter. Id. ¶ 20. In response to GRC's February 7, 2017 communication, Henderson sent two letters disputing the validity of the debt, requesting verification, and demanding that GRC cease all communications other than those necessary to verify the debt. Id. ¶¶ 31, 33. GRC did not provide the requested information or verification. Id. ¶¶ 32, 34.

At some point, GRC or its parent company, Navient Corporation ("Navient"), transferred Henderson's account to defendant Pioneer Credit Recovery, Inc. ("Pioneer"), another Navient subsidiary. Id. ¶ 35. On September 30, 2017, Henderson received a collection letter from Pioneer. Id. ¶ 37. The letter did not provide verification of the debt and instead assessed additional collection charges. Id. Pioneer also sent Henderson an undated letter, postmarked November 1, 2017, advising of USAF's intent to institute administrative wage garnishment proceedings against Henderson. Id. ¶¶ 38-39.

On June 22, 2017, Henderson, individually and on behalf of a class of similarly situated plaintiffs, filed this action against GRC. Henderson subsequently amended the complaint to add Pioneer as a defendant and to include two classes: Class A and Class B. Id. ¶ 57. Henderson defines Class A to include "[a]ll natural persons who are residents of Virginia who are similarly situated to Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Defendant GRC sent them a letter in a form substantially similar or materially identical to [the February 7, 2017 letter]." Id.

Henderson defines Class B to include individuals who received a letter substantially similar or materially identical to the November 1, 2017 letter from Pioneer. Id.

The amended complaint sets forth six counts under the FDCPA. The defendants have moved to dismiss Counts I through III, which raise individual claims on behalf of Henderson, and Count V, a class claim. In Count I, Henderson claims that GRC and Pioneer violated § 1692e of the FDCPA by making false, deceptive, or misleading representations in the February 7, 2017, September 30, 2017, and November 1, 2017 letters. Id. ¶¶ 70-75. This count appears to be based, at least in part, on the assertion that GRC and Pioneer lacked the authority to collect the identified amounts because they had not complied with certain regulations governing the collection of Henderson's student loan debt, which are set forth in 34 C.F.R. § 682.410. Id. Henderson also alleges that the defendants violated § 1692e by falsely representing the amounts due. Id. ¶ 74. In Count II, Henderson claims that GRC violated § 1692g of the FDCPA by failing to provide verification of the debt upon request and by continuing its collection efforts after Henderson disputed the debt. Id. ¶¶ 82-85. In Count III, Henderson claims that GRC and Pioneer violated § 1692c of the FDCPA by contacting him after he disputed the validity of the debt and demanded that they cease communications with him. Id. ¶¶ 94-96. In Count V, Henderson alleges, on behalf of Class A, that GRC's February 7, 2017 letter violated §§ 1692e and 1692f of the FDCPA by misrepresenting GRC's authority to assess collection costs when it had not made the disclosures required under 34 C.F.R. § 682.410 to assess such costs. Id. ¶ 115. Henderson further alleges that GRC misled him and the proposed class members about administrative wage garnishment proceedings. Id.

On January 30, 2018, the defendants moved to dismiss Counts I through III and V under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants argue that these counts are premised on their alleged failure to provide disclosures required under 34 C.F.R. § 682.410,

3

and that all four counts are subject to dismissal because the defendants provided the requisite disclosures in what they refer to as a "Claims Paid Letter" dated November 25, 2016. Def. Br. Supp. Mot. 2, Dkt. No. 33. Although the Claims Paid Letter is not attached to or referenced in the amended complaint, the defendants contend that it may be considered in ruling on their partial motion to dismiss.

As previously noted, the court referred the defendants' motion to a magistrate judge for a report and recommendation. In his report, the magistrate judge recommends that the court decline to consider the Claims Paid Letter at the motion to dismiss stage. Because the defendants' motion depends entirely on the court's consideration of the exhibit, the magistrate judge further recommends that the motion be denied.

## Standards of Review

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The magistrate judge's report has no presumptive weight, and the responsibility to make a final determination remains with this court. Id. at 270-71. The court is charged with making a de novo determination of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to seek dismissal for failure to state a claim upon which relief can be granted. A motion filed under this rule "tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2000)). When ruling on a motion to dismiss, the court "must assume all [well-pled facts] to be true" and "draw all reasonable inferences in favor of the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (alteration in original) (internal quotation marks omitted).

## Discussion

The defendants have filed a "limited objection" to the magistrate judge's report and recommendation. Defs.' Obj. 1, Dkt. No. 70. In particular, the defendants argue that the magistrate judge "erred in refusing to consider the existence of the Claims Paid Letter" in reviewing their partial motion to dismiss. Id. 8. For the following reasons, the court disagrees.

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). The court "may consider a document submitted by the movant that was not attached to or incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). However, the court may not go beyond such documents on a Rule 12(b)(6) motion without "improperly convert[ing] the motion to dismiss into a motion for summary judgment." Zak, 780 F.3d at 606; see also Fed. R. Civ. P. 12(d).

As noted above, the Claims Paid Letter on which the defendants rely was neither attached to the complaint nor incorporated by reference therein. Consequently, the court must decide

5

whether the document was "integral" to Henderson's complaint. Goines, 822 F.3d at 165. A "necessary prerequisite" for such finding is the "plaintiff's reliance on the terms and effect of [the] document in drafting the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002), cited with approval in Goines, 822 F.3d at 166; see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (explaining that the "rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint") (emphasis added) (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997)). "[M]ere notice or possession" by the plaintiff is not enough to justify consideration of an extrinsic document at the Rule 12(b)(6) stage. Chambers, 282 F.3d at 153. Nor is the fact that a document may prove relevant to the merits of a plaintiff's claim. See Michael v. Quaker Valley Sch. Dist., No. 2:16-cv-00473, 2017 U.S. Dist. LEXIS 21664, at *4 (W.D. Pa. Feb. 16, 2017) ("The key, then, when a defendant interposes documents not attached to the complaint is to determine whether the documents actually are 'integral to' or 'relied upon by plaintiff to make out' her claims or whether the documents really are just part of the defense to the claims presented."); Garcia v. Johnson, No. 4:14-cv-01775, 2014 U.S. Dist. LEXIS 164454, at *43 n.9 (N.D. Cal. Nov. 21, 2014) ("Defendants rely on this evidence to dispute the merits of plaintiffs' claims . . . . This evidence has no place in the context of defendants' 12(b)(6) motion; it may properly be considered only on a motion for summary judgment.").

Upon review of the record and the applicable law, the court agrees with the magistrate judge that the Claims Paid Letter is not integral to the amended complaint. Succinctly stated, the amended complaint does not mention this particular communication, much less "rel[y] heavily upon its terms and effect." Chambers, 282 F.3d at 153 (internal quotation marks omitted). Thus,

6

while the Claims Paid Letter may ultimately prove relevant to the merits of certain counts, the court finds it inappropriate to consider the document at the pleading stage of the case. Compare Goines, 822 F.3d at 166 ("Although the complaint included a few quotes from and references to the Incident Report, Goines' claims do not turn on, nor are they otherwise based on, statements contained in the Incident Report. Under these circumstances, the Incident Report arguably is not integral to the complaint and therefore should not have been considered by the district court."), with Am. Chiropractic Ass'n, 367 F.3d at 234 ("As stated above, American Chiropractic explicitly referred to the Ancillary Professional Provider Agreement, and its mail and wire fraud claims are based on the alleged misrepresentation made in that document. In addition, American Chiropractic does not contest the authenticity of the documents. Accordingly, we can consider those documents at the 12(b)(6) stage of the litigation."). Because the defendants' partial motion to dismiss depends entirely on the Claims Paid Letter, which the court declines to consider, the motion must be denied.[*]

## Conclusion

For the reasons stated, the court will overrule the defendants' objection, adopt the magistrate judge's report and recommendation, and deny the defendants' partial motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 25th day of September, 2018.

_____
Senior United States District Judge

---

[*] In passing, the court notes that none of the counts at issue are based solely on the defendants' alleged failure to make disclosures required under 34 C.F.R.§ 682.410. Thus, even if the defendants are correct in asserting that the Claims Paid Letter contains the disclosures required under the applicable regulations, consideration of the document would not result in the complete dismissal of Counts I through III and V.

7