# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 7:17-cv-00292 ) |
| GENERAL REVENUE CORPORATION, | ) ) ) |
| PIONEER CREDIT RECOVERY, INC., | ) ) |
| And | ) ) |
| NAVIENT PORTFOLIO MANAGEMENT, LLC, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Plaintiff Willie Henderson ("Henderson") comes before the Court, through counsel, pursuant to Federal Rule of Civil Procedure 37, and submits this Memorandum of Law in support of his contemporaneously filed Motion to Compel Discovery. This Court should grant Henderson's Motion for the reasons that follow.

## BACKGROUND

On May 24, 2019, Henderson propounded to Defendant Navient Portfolio Management, LLC ("NPM") his First Discovery, which is attached as **Exhibit A**. This discovery consisted of interrogatories and requests for production of documents. Pursuant to Federal Rules of Civil Procedure 33 and 34, NPM's response was due 30 days later, on June 24, 2019.

On June 21, 2019, counsel for NPM requested from Henderson's counsel, via email, a two-week extension to respond to the discovery. Despite the compressed timeline of this case[1] and the impending deposition of NPM's corporate designee on July 19, 2019, counsel for Henderson accommodated NPM by extending the deadline to respond to discovery to June 28, 2019. This email correspondence is attached as **Exhibit B**.

NPM did not respond to Henderson's counter-offer, but nevertheless submitted its responses on June 28, 2019. **See Exhibit C** attached. NPM, however, only marginally responded to the discovery requests, and Henderson, by letter dated July 1, 2019, outlined the deficiencies in their responses and asked that NPM respond fully and completely by close of business July 3, 2019. **See Exhibit D** attached. Counsel for NPM advised Henderson by email that this deadline would come and go and that a response (although not clearly identified) would be made during the week of July 8. **See Exhibit E** attached. NPM did not produce a single document in response to these discovery requests.

As noted above, deadlines are rapidly approaching in this case. Not only is trial looming, but Henderson's deposition of NPM's corporate representative is scheduled on July 19, 2019, a mere ten days from now. Yet, in spite of these facts, NPM only marginally responded to Henderson's discovery on June 28, 2019, the extension offered by Henderson.

On July 5, 2019, the parties held a conference call to try to resolve these discovery disputes without court intervention. At the time of the call, counsel for NPM provided an email in response

---

[1] Pursuant to the Scheduling Order in this case, the deadline to complete discovery is June 25, 2019; the deadline to file dispositive motions is July 10, 2019; and trial is set for September 23-27, 2019.

2

to Henderson's July 1, 2019 letter. **See Exhibit F** attached. During the call, defense counsel confirmed that this email set forth their position. Additionally, it became clear during this call that there exists a fundamental dispute between the parties as to how discovery should work.[2]

Henderson believes NPM is required to look through their documents, interview company officials, and answer accordingly. NPM's position is that they have responded to a third-party subpoena *duces tecum*, and that somewhere in these documents are the answers to Henderson's specific questions. NPM's counsel also believes it is Henderson's responsibility to determine what specific documents have not been produced by NPM. Henderson disagrees and asserts that defense counsel must respond specifically to interrogatories and answer them, and if there are responsive documents, produce them in response to the requests for production.[3] Additionally, if responsive documents are being withheld, defense counsel should produce a Privilege Log.

## LAW AND ARGUMENT

**1. Under Rule 37, Fully Responding to Discovery is NPM's Burden**

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." An evasive or incomplete disclosure, answer or response

---

[2] On more than one instance during the conference call, counsel for NPM asked Henderson's counsel to identify documents that "had not been provided." But it is Henderson's contention that NPM, the discoveree, has a duty to provide all documents responsive to a particular request, and not a duty of Henderson's, the discoverer, to identify "what is missing" from the production.

[3] In the July 5, 2019 telephone conference, Henderson's counsel agreed to narrow the scope of Interrogatory # 5 to include only arbitrations and lawsuits since 2010. The narrowing of this request was not agreeable to defense counsel.

3

must be treated as a failure to disclose, answer or respond. F.R.C.P. 37(a)(4). The Rule also provides for the award of attorneys' fees and reasonable expenses incurred in making the motion. F.R.C.P. 37(a)(5).

"Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243 (M.D. N.C. 2010) (collecting cases); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010).

As discussed in more detail below, NPM has failed to fully answer the interrogatories submitted to it and failed to respond to the requests for production of documents propounded to it. The answers and documents[4] it has provided are incomplete, evasive, and/or simply do not respond to the question. Furthermore, NPM disavows that it has any burden of persuasion, and insists that such burden falls upon Henderson, the plaintiff and discoverer. As the case law cited *supra* demonstrates, that is simply not true. This Court, therefore, should compel NPM to respond appropriately to discovery, and should further award Henderson his reasonable expenses and attorneys' fees incurred in bringing this motion.

**2. <u>NPM's Objections to Information and Documents Sought Are Meritless</u>**

**a. Discovery to determine how Navient calculated collection costs.**

Henderson propounded the following discovery requests in an effort to determine how NPM calculated what is owed by Henderson:

---

[4] NPM did not produce any documents in response to Henderson's Requests. Rather, in response to certain requests, NPM cited documents produced in response to an earlier subpoena *duces tecum*.

**Interrogatory # 6:**
Please describe how and when you obtained/received Plaintiff's loan, including in your answer the name of all owners of the debt (or "creditors") from its inception through the present.
**Response to Interrogatory # 6:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it is unduly burdensome and harassing.
Without waiving and subject to these objections and the general objections, NPM responds to this Interrogatory as follows: Pursuant to Federal Rules of Civil Procedure 33(d), NPM directs Plaintiff to the document Bates Numbered Henderson0000001-Henderson0000007.

**Interrogatory # 7:**
Identify with specificity each time the principal amount of Plaintiff's loan debt was calculated by Navient Portfolio Management, LLC and explain how it was calculated.
**Response to Interrogatory # 7:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is unduly burdensome and harassing; and (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action.
Without waiving and subject to these objections and the general objections, NPM responds to this Interrogatory as follows: Pursuant to Federal Rules of Civil Procedure 33(d), NPM directs Plaintiff to the document Bates Numbered NPM_WH_0000005-NPM_WH_0000007.

**Interrogatory # 8:**
Identify with specificity how fees, interest and/or other charges applied and/or added to Plaintiff's loan debt were calculated by Navient Portfolio Management, including in your answer the date such fees, interest and/or charges were applied, the amount and/or percentage charged, and the reason for each fee or charge.
**Response to Interrogatory # 8:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is unduly burdensome and harassing; and (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action.
Without waiving and subject to these objections and the general objections, NPM responds to this Interrogatory as follows: Pursuant to Federal Rules of Civil Procedure 33(d), NPM directs Plaintiff to the document Bates Numbered NPM_WH_0000005-NPM_WH_0000007.

**Request for Production # 5:**
All documents reflecting how the principal amount of Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC.
**Response to Request for Production # 5:**
NPM objects to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine; and (iii) it is overly broad, unduly burdensome and harassing.
Without waiving and subject to these objections and the general objections, NPM responds to this Request as follows: NPM directs Plaintiff to the documents that have already been produced in this action, including NPM_WH_0000001-NPM_WH_0000068.

**Request for Production # 6:**
All documents reflecting how fees, charges and/or interest related to Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC.
**Response to Request for Production # 6:**
NPM objects to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine; and (iii) it is overly broad, unduly burdensome and harassing.
Without waiving and subject to these objections and the general objections, NPM responds to this Request as follows: NPM directs Plaintiff to the documents that have already been produced in this action, including NPM_WH_0000001-NPM_WH_0000068.

Counsel for NPM attempted to defend its responses, which Henderson maintains are insufficient, in a July 5, 2019[5] email:

> As to Interrogatories 6-8, NPM is, of course, permitted to answer by referring to documents produced in the case when the response to the interrogatory may be discerned therefrom. NPM has done that here. The process of how and when NPM became involved with Henderson's defaulted loan has been disclosed repeatedly in this litigation, and to the extent you remain confused about any of it, you will have

---

[5] Counsel for NPM had agreed to confer with Henderson's counsel on July 5, 2019, at 9:00 am to discuss the discovery disputes, and at the time of the call, defense counsel provided an email in response to Henderson's July 1, 2019 letter. **See Exhibit F**. During the call, defense counsel confirmed that this email set forth their position. Following the call, defense counsel sent another email, attached as **Exhibit G**.

the opportunity to ask further questions of NPM's corporate representative at the upcoming deposition.

As to Requests for Production 5 and 6, you request sought documents which "reflect" how Henderson's loan debt, fees, charges and interest were calculated. Those documents were produced and referenced specifically in our responses to your request. This not only meets our obligations under the relevant discovery rules but very clearly sets out the information responsive to the requests; NPM is not obliged to parse out any further what you might deem as "reflecting" the calculation of Henderson's debt. To the extent you desire more information about these documents, you will have the opportunity to ask questions of NPM's corporate representative at the upcoming deposition.

NPM's position is that it is "permitted to answer by referring to documents produced in the case when the response to the interrogatory may be discerned therefrom." However, the general rule is that an answer to an interrogatory should not refer to other documents such as pleadings, depositions, or other interrogatories, but should be complete by itself. *Anderson v. Caldwell County Sheriff's Office*, 2011 U.S. Dist. LEXIS 62263 (W.D. N.C. 2011). While there is a narrow exception for "business records" pursuant to Rule 33(d), "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." F.R.C.P. 33, adv. Comm. n., 1980. Even assuming that the documents referenced by NPM are in fact business records, NPM has failed to meet this standard. In addition, the documents referenced by NPM do not appear to address the specific subject matter of the relevant Interrogatories.

Furthermore, Rule 34(b) provides: "A party who produces documents shall produce them as they are kept in the usual course of business or shall organize them and label them to correspond with the categories in the request." The burden falls upon the discoveree, in this case NPM, to organize the documents such that Henderson may make reasonable use of them. *Standard Dyeing & Finishing Company v. Arma Textile Printers Corporation*, 1987 U.S. Dist. LEXIS 868 (S.D. N.Y. 1987) (citing 8 C. Wright, A. Miller & F. Elliot, *Federal Practice and Procedure* P 2213

(Supp. 1986); Sherman & Kinnard, *Federal Court Discovery in the 80's – Making the Rules Work*, 95 F.R.D. 245, 257-58 (1982); *Board of Education v. Admiral Heating & Ventilation, Inc.*, 104 F.R.D. 23, 36 & n. 20 (N.D. Ill. 1984)). It is not sufficient for NPM to point to a haystack of 68 documents and tell Henderson to find the needles responsive to its request. Rather, NPM is responsible for producing the documents and identifying them in compliance with FRCP 34. *See Standard Dyeing & Finishing Co. v. Arma Textile Printers Corp.*, 1987 U.S. Dist. Lexis 868 (S.D. N.Y. 1987).

Finally, though NPM had been served with a subpoena *duces tecum* previously in this case, they were not brought in as a defendant until March 28, 2019; thus, it is unclear how and when NPM had previously discussed their involvement with Henderson's loan. Additionally, Henderson's request clearly seeks documents reflecting the methodology of the calculations used by NPM in determining the loan principal and associated fees and costs, and the documents referenced in NPM's responses do not answer these questions. While counsel for Henderson looks forward to questioning NPM's corporate representative about a number of topics, it will be difficult to intelligently question NPM's corporate representative on this topic without some prior understanding of NPM's position regarding the same. That is the entire point of discovery.

**b. Discovery regarding NPM's corporate structure and relationship with other entities.**

This case involves several interlocking and related entities, some of which are NPM's co-defendants and some of which are not. It is important that Henderson be able to untangle this complex corporate web of relationships in order to, among other things, determine what impact it has on NPM's liability; thus, Henderson propounded the following discovery:

**Interrogatory # 4:**
Please identify all officers, directors and stockholders of Navient Portfolio Management, LLC from June 21, 2016 through the present.
**Response to Interrogatory # 4:**
NPM objects to this Interrogatory on the grounds, among others, that : (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; and (iii) it seeks confidential or proprietary business information that belongs to NPM.

**Interrogatory # 12:**
Please explain in detail the relationship between Navient Portfolio Management, LLC and other entities owned by, related to, or affiliated with Navient Corporation.
**Response to Interrogatory # 12:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iii) it seeks confidential or proprietary business information that belongs to NPM; and (iv) it is overly broad, unduly burdensome, and harassing.

**Interrogatory # 17:**
Please identify all subsidiaries, parents and affiliates of Navient Portfolio Management LLC.
**Response to Interrogatory # 17:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iii) it seeks confidential or proprietary business information that belongs to NPM; and (iv) it is overly broad, unduly burdensome, and harassing.

**Interrogatory # 18:**
Please identify all subordinate servicers Navient Portfolio Management LLC has contracted with from January 1, 2016 to the present, that are also corporate parents, affiliates, subsidiaries, or which have a common corporate parent.
**Response to Interrogatory # 18:**
NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is vague and ambiguous as to "subordinate services"; and (iii) it seeks confidential or proprietary business information that belongs to NPM.

Counsel for NPM attempted to defend its objections and failure to provide *any* responses in the July 5, 2019[6] email:

> As to the Interrogatories: numbers 4, 12, 17, and 18—seeking NPM's corporate structure and relationship with other entities—are vague and do not tell us what information you are actually seeking. If you clarify your Interrogatories, we can assess whether there is a response we can provide.

Yet there is nothing "vague" about Henderson's Interrogatories # 4, 12, 17, and 18. They are all straightforward questions regarding NPM's relationships with other entities. Furthermore, as noted above, Henderson's seeking of information about the relationship of the various entities involved with collecting a debt connected to a loan held by Henderson is relevant to the case. Finally, there is Protective Order in this case which affords protection to NPM's confidential or proprietary documents; thus, its objections to these interrogatories on that basis are unfounded.

### c. Discovery regarding collection policies/ procedures.

Henderson has brought a claim against NPM related to their collection practices; thus, NPM's policies and procedures regarding their practices are relevant. Accordingly, the following discovery is valid and important to the case:

> **Request for Production # 8:**
> All policies and procedures you maintain pertaining to the collection procedures governing the collection communications and program as it relates to Plaintiff's loan debt, which is the subject of this action.
> **Response to Request for Production # 8:**
> NPM objects to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks confidential or proprietary business documents that belongs to NPM; (iii) it is overly broad, unduly burdensome, and harassing; and (iv) it is vague and ambiguous as to "program." NPM will not produce any additional documents in response to this Request.

---

[6] **See Exhibit F** and footnote 5, *supra*.

Henderson addressed NPM's response to this Request in great detail in his July 1, 2019 letter, even going to far as to provide a dictionary definition for the word "program" to eliminate any vagueness or ambiguity. Counsel for NPM responded, in their July 5, 2019[7] email, as follows:

> Further, despite your belief that Request 8 is clear and narrowly tailored, it is not. Calling a "program" a "plan of action" does not aid NPM in determining what documents you seek. If you provide further clarity on what you are seeking in your Request here, we can better assess whether there exist any documents not already produced which are responsive.

This, as with all of Henderson's discovery, is a valid and relevant Interrogatory, geared toward obtaining admissible evidence. It is neither burdensome, harassing, nor ambiguous. Indeed, if there is any ambiguity, it is on the part of NPM, who noted that it "will not produce any *additional* documents in response to this Request" (emphasis added). Implicit in the use of the word "additional" is that NPM has produced documents in response to this Request; yet NPM has not produced a single document in direct response to the discovery at issue here. If NPM is referring to documents produced in response to the earlier subpoena *duces tecum*, then NPM must identify which documents are responsive to this Request. Again, as the district court observed in *Standard Dyeing & Finishing Company v. Arma Textile Printers Corporation*, 1987 U.S. Dist. LEXIS 868 at *3, "[i]t is not sufficient for [NPM] to point to a haystack of documents and to tell . . . [Henderson] to find the needles." In any event, Henderson does not find that the documents requested here were even requested in the earlier subpoena *duces tecum*.

   e. **Other Discovery**

NPM has had ample time to respond to this discovery, yet NPM responded in part to 14 of the 21 Requests for Production with the following statement: "NPM will produce responsive, non-

---

[7] **See Exhibit F** and footnote 5, *supra*.

privileged documents in its possession, custody and control that can be located after a diligent search and reasonable inquiry and which have not already been produced." **See Exhibit C**. Respectfully, that is not a response, but merely a vague pledge that, at some point in the future, NPM will respond, if such documents can be identified. As noted above, this case is reaching its endgame—indeed, pursuant to the Scheduling Order, the deadline to complete discovery was June 25, 2019, which has passed; the deadline to file dispositive motions is July 10, 2019, which is tomorrow; and trial is set for September 23-27, 2019, which is just a little over two months away. The time to produce documents is now—not some ambiguous future date.

Additionally, counsel for Defendant has asked Henderson more than once—during the July 5, 2019 teleconference and in writing—to "identify" the documents that Henderson believes to be missing from the production. "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243 (M.D. N.C. 2010) (collecting cases); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). Therefore, this discovery task is the not responsibility of Henderson. Rather, it is NPM's duty to provide all responsive information and documents in accordance with Rule 37 and in a timely fashion.

### 3. NPM Has Failed to Provide All Available Information and Documents

When responding to interrogatories, a party must respond "separately and fully in writing under oath." F.R.C.P. 33(b)(3). The Federal Rules advisory committee has explained that Rule 33(b) is intended to "emphasize the duty of the responding party to provide full answers." F.R.C.P. 33, adv. Comm. n., 1993. Similarly, under Rule 26(g), a party must certify that "to the best of the signor's knowledge, information, and belief . . . the request, responses, or objection is . . . consistent

with these rules . . . and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." F.R.C.P. 26(g)(2). Accordingly, Rule 26(g) ensures "that the lawyer has made a reasonable effort to assure that the client has provided all the information . . . available to him that [is] responsive to the discovery."

These are not idle words, and complete and accurate discovery responses are required for the proper functioning of our system of justice. *See Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 609 (D. Nev. 2001). Indeed, providing false or incomplete answers violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions. *Id.* at 610. Engaging in strained constructions of reasonably-framed requests in order to avoid providing information which is seen as detrimental to the client's position is simply not permitted. *Miller v. Pruneda*, 236 F.R.D. 277 (N.D. W. Va. 2004). Parties must respond truthfully, fully, and completely to discovery or explain truthfully, fully, and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. *Id.* "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information." *Hansel v. Shell Oil Corporation,* 169 F.R.D. 303, 305 (E.D. Pa. 1996) (citations omitted). Consequently, where a party has willfully failed to comply with discovery by construing interrogatories is such a literal fashion as to avoid supplying information that is within its possession and that it understands quite well to be the object of the discovery requests, sanctions are appropriate. *See Cullins v. Heckler*, 108 F.R.D. 172, 176 (S.D. N.Y. 1985).

In sum, NPM has an obligation to examine documents, interview company representatives, and provide full and complete answers to discovery. As set forth above, NPM has willfully failed

to comply with its discovery obligations by failing to supply information that is within its possession; thus, sanctions are appropriate.

## CONCLUSION

For the foregoing reasons, Henderson asks that the Court grant his Motion to Compel and afford the relief requested above.

>Respectfully submitted,
>
>WILLIE HENDERSON, individually and on behalf of all others similarly situated
>
>By: /s/John P. Fishwick, Jr.
>    Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
Monica.mroz@fishwickandassociates.com
Carrol M. Ching, Esquire (VSB # 68031)
Carrol.Ching@fishwickandassociates.com
Daniel J. Martin (VSB #92387)
Daniel.martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Rd, Suite 700
Roanoke, Virginia 24011
(540) 345-5890 (telephone)
(540) 345-5789 (facsimile)

*Counsel for Plaintiff*

**CERTIFICATION**

I hereby certify that counsel for Plaintiff has in good faith conferred or attempted to confer with counsel for NPM in an effort to obtain discovery responses without court action.

By: /s/John P. Fishwick, Jr.
John P. Fishwick, Jr. (VSB #23285)
Fishwick & Associates PLC
30 Franklin Rd, Suite 700
Roanoke, Virginia 24011
Phone: (540) 345-5890
Facsimile: (540) 345-5789
John.fishwick@fishwickandassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

By: /s/John P. Fishwick, Jr.
John P. Fishwick, Jr. (VSB #23285)
Fishwick & Associates PLC
30 Franklin Rd, Suite 700
Roanoke, Virginia 24011
Phone: (540) 345-5890
Facsimile: (540) 345-5789
John.fishwick@fishwickandassociates.com