UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ) ) ) ) Plaintiff, ) ) v. ) ) GENERAL REVENUE CORPORATION, ) ) PIONEER CREDIT RECOVERY, INC., ) ) And ) ) NAVIENT PORTFOLIO MANAGEMENT, LLC, ) ) ) Defendants. ) | Civil Action No. 7:17-cv-00292 |

**PLAINTIFF'S FIRST DISCOVERY**
**TO DEFENDANT NAVIENT PORTFOLIO MANAGEMENT, LLC**

Comes now the Plaintiff, by counsel, and propounds the following discovery to the Defendant Navient Portfolio Management, LLC. Sworn answers to the Interrogatories and responses to Requests for Production of Documents must be served on counsel for Plaintiff within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

1. The word "document" or "documents":

   a) Refers to any written, recorded, or graphic matter (however produced or reproduced and whether or not claimed to be privileged against discovery on any grounds), and

   b) Includes, but is not limited to, any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip drives, CDs,

1



including recordable and re-writable CDs, DVDs, including recordable and re-writable DVDs, hard drives, and any other media in which digital or analog data can be stored), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, graphics, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, sound recordings (digital, analog, or otherwise), and all other data compilations from which information can be obtained (and, if necessary, translated by the Defendant or its agents into reasonably usable form).

2. These interrogatories and requests are directed at all information within the defendant's personal knowledge, information, or belief, including information learned through hearsay.

3. The terms "relating to" and "relates to" mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing, or studying the subject matter identified in a request.

4. "Written communications," unless otherwise indicated, includes electronic mail ("e-mail") and text messages.

5. "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

6. Singular terms shall be construed as plural, and vice versa, when necessary to facilitate the response to any request.

7.    These interrogatories and requests are continuing in nature. Responses should be supplemented promptly if and when defendant obtains additional or different information that makes earlier answers incorrect or incomplete.

8.    "Communication" includes all forms of oral or written communication, and specifically includes in-person meetings, telephone calls (including cellular communications), video-conferencing, any internet-related voice, video, or other communications (including "instant messaging" and "text messaging"), and any "written communications" as defined above.

9.    "Identify" has the following meanings when used in these interrogatories:

a)    When used with respect to a natural person, it means for you to provide the person's full name, title/position and employment status, all address information known or reasonably available to you, all telephone number (including cellular telephone) information known or reasonably available to you, and all other known or reasonably available contact information (including, without limitation, e-mail addresses, internet web site addresses, and uniform resource locators (URLs));

b)    When used with respect to a corporation or other entity (including a governmental body or agency), it means to provide the entity's full name, addresses for the entity's principal office and any other locations pertinent to the matters at issue in this case, all known or reasonably available telephone and fax numbers for the locations identified, all other known or reasonably available contact information (including, without limitation, pertinent e-mail addresses, web site addresses, or URLs), and to identify all persons associated with the entity who have knowledge of or information relating to matters at issue in this case;

c)    When used with respect to a document, it means to identify the author(s) of the document and the recipient(s) of the document, to state the date of the original document,

3

to state the location and current custodian of the original of the document, to summarize the contents of the document, and to produce a copy of each version of the document; and

    d)    When used with respect to a communication, it means to identify the participants in the communication, to state the date and medium of the communication, to summarize the communication, and to produce copies of any recordings, transcripts, or summaries of the communication.

    10.    If you withhold any requested information for any reason, provide the following information:

    a)    The nature of the information being withheld (e.g., document, letter, record, memoranda, communication, etc.);

    b)    If a document, state the title, author(s), date of creation, date(s) modified, subject matter, and identities of recipients (including copy recipients);

    c)    If a communication, state the date of the communication, general subject matter, and the identities of the persons present during the communication (whether in person, by phone or otherwise); and

    d)    State the basis upon which you contend you are entitled to withhold such documents or information from production.

    11.    If a responsive document has been destroyed, provide the following information:

    a)    The title of the document or record;

    b)    A summary of its contents;

    c)    The location and custodian(s) of any existing copies of the document (whether identical or non-identical);

    d)    The date the document was destroyed;

    e)  The circumstances under which the document was destroyed;

    f)  The identity of the person(s) who destroyed the document; and

    g)  The identity of the person(s) who ordered, authorized or approved such destruction.

12. Where information or knowledge of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

13. "This action" means all claims arising out of the action currently pending in the United States District Court, Western District of Virginia, Roanoke Division, styled *Willie Henderson, Individually and on Behalf of All Others Similarly Situated v. General Revenue Corporation, et al.*, Case No. 7:17cv292.

14. The pronoun "you" or "your" refers to the party to whom these interrogatories are addressed, as well as its employees, officers, directors and agents.

15. When asked to "state the basis" for a denial or defense, please do so specifically and fully elaborate upon all related facts and legal theories.

16. For each request for production, please identify any person who you believe may possess the requested documentation if you in fact do not. For instance, if you believe the requested documentation or additional, responsive documents are in the hands of one of your consultants or another third party, please specify the relevant consultant or third party who may have such documents for each request.

17. "Plaintiff's loan" or "Plaintiff's loan debt" means the debt purportedly owed by Plaintiff, as identified in Exhibit A to Plaintiff's Second Amended Complaint (ECF No. 110, at 35–38).

## INTERROGATORIES

1. Please identify the persons who answered these interrogatories, assisted in answering these interrogatories or provided any information or documents related to the answers to these interrogatories, including address, telephone number and title, if any, for each and every person.

2. Identify (as described in Instruction 9) all persons to whom you mailed or directed a letter or other communication from June 21, 2016 through the present, to any address in Virginia, which referenced a Default Purchase, or included the document attached as Exhibit A, or included the same language as in Exhibit A, or which are substantially similar to Exhibit A.

3. For each person identified in Interrogatory # 2, identify each document enclosed in the communication to such person and identify (as described in Instruction 9) the owner of the debt (or "creditor") you referenced in the communication (or on whose behalf it was sent, if not referenced).

4. Please identify all officers, directors and stockholders of Navient Portfolio Management, LLC from June 21, 2016 through the present.

5. Identify each and every collections-related lawsuit, arbitration, or investigation to which Navient Portfolio Management has been a party from 2007 through the present, including in your answer the agency responsible or court(s) where the lawsuit was filed, proceedings number, parties, summary of claims or allegations of wrongdoing, start and end date, and outcome.

6. Please describe how and when you obtained/received Plaintiff's loan, including in your answer the name of all owners of the debt (or "creditors") from its inception through the present.

7. Identify with specificity each time the the principal amount of Plaintiff's loan debt was calculated by Navient Portfolio Management, LLC and explain how it was calculated.

8. Identify with specificity how fees, interest and/or other charges applied and/or added to Plaintiff's loan debt were calculated by Navient Portfolio Management, LLC, including in your answer the date such fees, interest and/or charges were applied, the amount and/or percentage charged, and the reason for each fee or charge.

9. Please identify all facts which support your Third Affirmative Defense as provided in Defendant Navient Portfolio Management, LLC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

10. Please identify all facts which support your Fifth Affirmative Defense as provided in Defendant Navient Portfolio Management, LLC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

11. Please explain in detail the relationships between and among Navient Portfolio Management, LLC, General Revenue Corporation, and Pioneer Credit Recovery, Inc., as relates to Plaintiff's loan debt.

12. Please explain in detail the relationship between Navient Portfolio Management, LLC and other entities owned by, related to, or affiliated with Navient Corporation.

13. Please explain in detail the relationship between Navient Portfolio Management, LLC and United Student Aid Funds, Inc. and/or other loan guarantors.

14. Please explain in detail how Navient Portfolio Management, LLC became involved in collection efforts regarding Plaintiff's loan debt.

15. Please identify with specificity all account numbers and/or reference numbers, known to you which pertain in any way to Plaintiff and/or his loan debt.

16. Please describe the relationship between Navient Portfolio Management LLC and Xenith Bank as relates to Plaintiff's loan debt.

17. Please identify all subsidiaries, parents and affiliates of Navient Portfolio Management LLC.

18. Please identify all subordinate servicers Navient Portfolio Management LLC has contracted with from January 1, 2016 to the present, that are also corporate parents, affiliates, subsidiaries, or which have a common corporate parent.

## REQUESTS FOR PRODUCTION

1. All documents responsive to the foregoing interrogatories.

2. All documents exchanged between Navient Portfolio Management, LLC, and General Revenue Corporation and/or Pioneer Credit Recovery, Inc., respectively, related in any way to Plaintiff and Plaintiff's loan debt.

3. All documents provided to Plaintiff at any time from Navient Portfolio Management, LLC related in any way to Plaintiff's loan debt.

4. All documents provided to Navient Portfolio Management, LLC at any time from Plaintiff related in any way to Plaintiff's loan debt.

5. All documents reflecting how the principal amount of Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC.

6. All documents reflecting how fees, charges and/or interest related to Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC.

7. All documents communicated, developed, or shared between you and any prior creditor or owner of the debt, account, or collection program(s) relating to or governing in any way Plaintiff or Plaintiff's loan debt, and which is the subject of this action, including but not limited to agreements, records, and communications.

8. All policies and procedures you maintain pertaining to the collection procedures governing the collection communications and program as it relates to Plaintiff's loan debt, which is the subject of this action.

9. Copies of all audio recordings of any kind of any communications with Plaintiff.

10. Copies of all documents you sent or received from any credit reporting company or agency relating to Plaintiff.

11. A copy of every statement, signed or unsigned, taken or acquired by you, your agents or attorneys, or anyone acting on your behalf, from any third party with knowledge or facts pertaining to the claims and/or damages as alleged in the Second Amended Complaint.

12. Copies of all documentation exchanged between Navient Portfolio Management, LLC and any party from which it acquired a debt, account or other obligation relating to the Plaintiff and/or his loan debt.

13. Copies of any and all agreements between Navient Portfolio Management, LLC and United Student Aid Funds, Inc., Great Lakes Higher Education Guaranty Corporation, and/or

9

Northwest Education Loan Association, in effect from June 21, 2016 through the present, which have any bearing on the claims raised in Plaintiff's Second Amended Complaint.

14. Copies of any and all agreements between Navient Portfolio Management, LLC and General Revenue Corporation, in effect from June 21, 2016 through the present, which have any bearing on the claims raised in Plaintiff's Second Amended Complaint.

15. Copies of any and all agreements between Navient Portfolio Management, LLC and Pioneer Credit Recovery, Inc., in effect from June 21, 2016 through the present, which have any bearing on the claims raised in Plaintiff's Second Amended Complaint.

16. Copies of any and all agreements between Navient Portfolio Management, LLC and Xenith Bank, in effect from January 1, 2013 through the present, which have any bearing on Plaintiff's debt or loan.

17. All documents describing or referencing the relative responsibilities, ownership, or rights between Navient Portfolio Management, LLC and Plaintiff, as to the debts, accounts, obligations or collections.

18. All documents and/or communications provided to Plaintiff as to the debt(s), account(s), obligations or collections of the Plaintiff's loan debt acquired by you, including but not limited to any correspondence, statement, pamphlet, and/or notice, and identifying the method by which each were provided to Plaintiff.

19. Copies of any and all documents, correspondence, and/or electronic forms submissions which provide notice or information regarding Plaintiff and/or his debt/finances to any credit reporting agency.

20. All documents relating to the writing, revision, and approval of the documents attached as Exhibits A, D, E and F to the Second Amended Complaint, and Exhibit A to the foregoing Interrogatories.

21. Copies of all documents (as described in Instruction 1) that reference in any way Plaintiff and/or Plaintiff's loan debt.

WILLIE HENDERSON, individually and on behalf of all others similarly situated

By: _____
       Of Counsel

John P. Fishwick, Jr., Esquire (VSB #23285)
John.Fishwick@fishwickandassociates.com
Monica L. Mroz, Esquire (VSB #65766)
Monica.Mroz@fishwickandassociates.com
Carrol M. Ching, Esquire (VSB # 68031)
Carrol.Ching@fishwickandassociates.com
Daniel J. Martin, Esquire (VSB #92387)
Daniel.Martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road SE, Suite 700
Roanoke, Virginia 24011
(540) 345-5890 Telephone
(540) 343-5789 Facsimile

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Monica M. Mroz, do hereby certify that Plaintiff's First Interrogatories and Request for Production of Documents to Defendant Navient Portfolio Management, LLC was delivered to opposing counsel as follows:

VIA HAND DELIVERY
Joshua F. P. Long
F. Elizabeth Burgin Waller
Joseph Walton Milam, III
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, VA 24038
jlong@woodsrogers.com
bwaller@woodsrogers.com

VIA ELECTRONIC MAIL
Lisa M. Simonetti
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
simonettil@gtlaw.com

Michael Adams Hass
Greenberg Traurig, LLP
1750 Tysons Blvd, Suite 1000
McLean, VA 22102
hassm@gtlaw.com

on this 24th day of May, 2019.

Monica M. Mroz

USA FUNDS
C/O NAVIENT POST CLAIM ASSISTANCE MC E2142
P.O. BOX 9460
WILKES-BARRE, PA 18773-9460
loansolutions.usafunds.org



WILLIE A HENDERSON
4731 GOLFVIEW DR
ROANOKE, VA 24019-5606

NOVEMBER 25, 2016
ACCOUNT NO: 9835500120

Lender: XENITH BANK
School(s) for which loan(s) were made:
    CONSOLIDATION LOAN ACCOUNT
Interest Rate(s):
    9.00 %
Interest Type(s): FIXED
Default Purchase Date : NOVEMBER 25, 2016

Dear Willie A Henderson:

United Student Aid Funds (USA Funds) purchased and has taken assignment of your Federal Family Education Loan Program (FFELP) loan(s) after a default claim was filed by the above referenced lender. The amount purchased includes an outstanding principal balance of $96,880.29 and an accrued interest balance of $5,294.52. The accrued interest was capitalized (added to the principal amount as permitted by federal regulations) resulting in a new principal balance of $102,174.81. You must immediately begin repaying this loan.

**Please Note: You have until January 24, 2017 (60 days from the date of this letter)** to enter into a satisfactory repayment agreement or to pay your balance in full; otherwise, collection charges will be assessed up to 24.34% of your outstanding principal and interest balance, pursuant to federal regulation 34 CFR 682.410(b)(2). If you successfully enter a repayment agreement, but you do not fully honor the terms of that agreement, collection charges may be assessed. Collection charges are not a fixed amount and may change as a result of interest accrual, receipt of payments, or an adjustment to the amount of collection charges.

USA Funds, as the guarantor of your defaulted student loan(s), may report the loan default to national consumer reporting agencies to the detriment of your credit rating, pursuant to federal regulation 34 CFR 682.410(b)(5)(vi)(F). USA Funds will not report the default to the national consumer reporting agencies if you enter into a satisfactory repayment agreement or pay your balance in full within 60 days of the date of this letter. If you fail to fully honor the terms of the repayment agreement, USA Funds will report the default to the national consumer reporting agencies. Once the default is reported, account level information will be updated monthly to reflect status changes.

Your account is serviced by the collection agency listed below. Please contact the collection agency to arrange for the repayment of this debt.

NAVIENT GUARANTOR SERVICES
PO BOX 6180
INDIANAPOLIS IN 46206-6180
(800) 331-2314



EXHIBIT
A



Henderson000001

You must make all payment arrangements through the collection contractor listed above. Neither Navient nor USA Funds will negotiate a repayment agreement.

Failure to pay the account in full or to agree to satisfactory repayment arrangements may result in additional collection efforts pursuant to federal regulation 34 CFR 682.410(b)(6)(ii). These efforts may include:

* Administrative garnishment of your wages;
* Pursuit of lawful collection means to collect the debt;
* Offset to your Federal and/or State income tax refunds or other payments made by the Federal Government to you;
* A civil lawsuit against you filed by the guarantor to compel repayment;
* Assignment of your loan(s) to the Secretary of the U.S. Department of Education who may file a lawsuit against you on behalf of the Federal Government;

You have certain legal rights in the collection of debts, and you may wish to contact counselors or lawyers regarding those rights.

### Notice of Administrative Review Period

You have 60 days from the date of this letter to dispute the default status or legal enforceability of your loan(s) in accordance with federal regulation 34 CFR 682.410(b)(5)(vi)(G). If you wish to dispute the default status of your loan(s), you may:

1. Request an administrative review regarding the legal enforceability or default status of your loan(s).
2. Inspect and copy our records pertaining to your loan obligation;

You may request an administrative review challenging legal enforceability or default status on the grounds listed below. Evidence of the circumstances is requested.

* Your loan was not past due;
* The loan balance is incorrect; or
* You did not incur this debt.

An administrative review will not be granted for any of the following reasons:

* You failed to pay your lender;
* You were dissatisfied with the school you attended;
* You were unable to find employment in your field of study.

Administrative review requests and supporting evidence must be submitted in writing to:

Navient Post Claim Assistance MC E2142
PO Box 9460
Wilkes-Barre, PA 18773-9460.

Navient, on behalf of USA Funds, will send you a written explanation of the results of the review. If you disagree with the results, you may write to Navient and request a review by a U.S. Department of Education official. You have 30 days from the date of our review decision to make this written request. If you disagree with the decision from the U.S. Department of Education, you may request a judicial review of this decision.

P:  2

Henderson000002

### Options to Resolve Your FFELP Loan Default include: Payment in full, Repayment Arrangements, Loan Rehabilitation and Loan Consolidation.

Provided you commit to one of these options within 60 days of the date of this letter and you honor all of your commitments according to the terms of your agreement, you will be given an opportunity to avoid the assessment of collection charges and avoid the default status of this loan being reported to nationwide consumer reporting agencies by USA Funds. You may contact Navient Guarantor Services for assistance with any of these opportunities to resolve your default. Please ensure that you understand all of the terms of your commitments.

#### Payment in Full

You may pay your outstanding balance in full. Payment in full will mean you have no further obligations related to this loan. As the loan may continue to accrue interest over time, a payment in full may be a financially effective way to resolve your defaulted loan. Payment in full within 60 days of the date of this letter will prevent both the assessment of collection charges and notice of default reported to nationwide consumer reporting agencies by USA Funds. Payment in full after 60 days of the date of this letter may result in assessment of collection charges as part of the balance due and reporting of the default to the nationwide consumer reporting agencies.

#### Repayment Arrangements

If you are approved for a repayment arrangement and you make your first payment, and sign and return your written repayment arrangement **within 60 days of the date of this letter,** you may avoid collection charges and the default status of this loan being reported to nationwide consumer reporting agencies. **Please note:** If you fail to fully honor the terms of your repayment arrangement, or you seek to establish a repayment agreement after 60 days from the date of this letter, a portion of each payment received from you will be allocated to pay any collection charges that are assessed and the default status of this loan will be reported to nationwide consumer reporting agencies.

#### Loan Rehabilitation

Loan rehabilitation is a repayment agreement that offers you the opportunity to resolve your loan default through a series of qualifying payments. If you enter into loan rehabilitation and make your first payment, and sign and return your written repayment agreement **within 60 days after the date of this letter,** you may avoid collection charges and avoid the default status of this loan being reported to nationwide consumer reporting agencies.
**Please note:** If you fail to fully honor the terms of your loan rehabilitation agreement, or you enter into loan rehabilitation after 60 days from the date of this letter, you will become responsible for collection charges assessed to your account and the default status of this loan will be reported to nationwide consumer reporting agencies.
**Also note:** When you have fulfilled your rehabilitation commitment, a lender may purchase your defaulted student loan(s), and the loan(s) will no longer be considered in default. You will have the opportunity to select new repayment terms based on your loan's good standing. USA Funds will delete any default record previously reported to the national consumer reporting agencies.
USA Funds will also notify your prior lender of your loan rehabilitation so your prior lender may delete its default from its credit history. However, delinquencies (late payments) reported prior to the date of your loan default will not be removed. Upon successful completion of loan rehabilitation, any collection charges assessed to your account will be capitalized (added to the total new principal balance of your loan) at a rate up to 16% of your outstanding principal and interest at the time your loan is purchased by an eligible lender.

P:  3

To participate in the loan rehabilitation program, you must satisfy the loan rehabilitation requirements, including providing all necessary paperwork and making at least nine qualifying payments during a 10-month period. If you began loan rehabilitation before collection costs were assessed to your account, but you fail to fully honor your repayment agreement, collection costs will be assessed to your account. Loan rehabilitation is not complete until a new lender purchases your loan. USA Funds will make every effort to secure a lender for you, but purchasing rehabilitated loan(s) is at the discretion of the lender. If no lender is willing to purchase your loan(s), the US Department of Education will purchase your rehabilitated loans.

### Loan Consolidation

You may consolidate all your FFELP loans, including any federal defaulted loan(s), into a new, single loan. Loan consolidation may simplify your loan repayment by requiring only one monthly payment, and may reduce your monthly loan payment amount by extending the repayment term. To consolidate your defaulted loans, you must either establish repayment arrangements and make three, on-time, consecutive, monthly payments prior to applying, or apply for consolidation and agree to repay your Direct Consolidation Loan under one of the following plans.

* Income Based Repayment Plan
* Pay As You Earn Repayment Plan
* Revised Pay As You Earn Repayment Plan
* Income Contingency Repayment Plan

Please note that if you consolidate your loans, USA Funds will not remove your loan's default from your credit report. Rather, when the loan is consolidated, the default notification will be updated to reflect a paid-in-full status for the original defaulted loan. Additionally, if collection costs have been assessed to your acccount, you will be charged collection costs at the rate of 18.5% of the outstanding principal and interest balance of your defaulted loan(s) at the time your loan(s) are consolidated. The U.S. Department of Education may add these costs to your outstanding loan principal amount.

### Contact Information

If you have any questions about this notice you may contact Navient at the following address:

    Navient Post Claim Assistance, MC E2142
    PO Box 9460
    Wilkes-Barre, PA 18773-9460

You may also call Navient's Post Claim Assistance department at (800) 331-2314. For detailed loan information, you may also visit USA Fund's website: loansolutions.usafunds.org

**This is an attempt to collect a debt and that any information obtained will be used for that purpose.**

DEFBRA26/DA26UFP                                                            836    P: 4

Henderson000004

USA FUNDS
C/O NAVIENT POST CLAIM ASSISTANCE MC E2142
P.O. BOX 9460
WILKES-BARRE, PA 18773-9460



WILLIE A HENDERSON
4731 GOLFVIEW DR
ROANOKE, VA 24019-5606

### PRIVACY POLICY NOTICE

Your privacy is very important to USA Funds, so that is why we are committed to protecting the privacy and security of the personal and financial information you share with us. You have trusted us with this information and we will honor that trust by handling your information responsibly. Please read the following Privacy Policy statement. It explains how we safeguard and use the information you have given us.

USA Funds' Philosophy on Privacy Protection:

* *Security of your confidential information is a top priority.*

    One of USA Funds' top priorities is information security. We regularly review our security standards and procedures to help us protect against anyone gaining unauthorized access to your confidential information, including through the Internet. We authorize employees to access your personal information only if they need to do so to perform their job responsibilities, such as ensuring the accurate posting of payments or ensuring our systems correctly reflect your account information. The employees of USA Funds as well as our contracted vendors are trained on understanding your privacy concerns and protecting your confidential information.

* *Privacy is a shared responsibility.*

    You trusted us to manage your confidential information in a responsible manner. At the same time, there are things you can do to help protect your personal and financial information. Always protect your account number, any PINs, any passwords, and other kinds of customer access information. Never disclose your confidential information to an unknown caller. Know what information is contained on your credit bureau report and review that information regularly. Never open e-mails from unknown sources. Understand the choices you have about the ways in which your personal information is used.

* *Responsible information sharing is a good thing.*

    Our business is to serve you. To accomplish this, we contract with other companies and organizations to perform certain services and processes for us. Information you have given us must be shared with our contracted vendors. We manage your information to fulfill your requests, deliver products and services, administer and update accounts, reduce fraud and other risks, and to comply with state and federal laws and regulations. We also use the information you have given us to maintain accurate account information and provide efficient customer service.

FUNDS 12/06

Henderson000005

USA Funds' Policy Statement:

* *The information we collect.*

    Our policy applies to all personally identifiable financial information about you that is obtained when you complete an application and promissory note for an educational loan guaranteed by USA Funds. USA Funds may also receive personally identifiable information about you from your lender, your school, other guarantors, the U.S. Department of Education, other departments of State and Federal government and their agents as indicated in the terms of your educational loan promissory note. In addition, we may also obtain personally identifiable information about you from sources such as credit reporting agencies (commonly called credit bureaus) when you apply for credit on specific loans and when we review and monitor accounts for collection. And, if you send us personal correspondence, such as e-mails or letters, we may collect such information into a file specific to you.

    When you visit our website (Internet), we may collect transaction, site navigation, customer contacts and optional survey information. In addition, we may use software tools or "cookies" to gather information about site visitors' browsing activities. A "cookie" is information sent from a website to a visitor's hard drive while he or she is visiting the site. It may enable the site holder to track how a visitor navigates through the site and the areas in which they show interest. Information gathered may include date and time of the visits, pages viewed, time spent on the site, and the site visited just before and after the site. However, we only identify the site visitor if he or she voluntarily gives USA Funds personally identifiable information online.

* *The information we share.*

    ... *with an affiliate.*

    USA Funds is a guarantor of educational loans and is affiliated with Northwest Education Loan Association and Education@Work, LLC. Affiliates of USA Funds may change from time to time due to acquisitions and divestitures. In an effort to fulfill our mission of supporting access to education, we may share your personally identifiable information with our affiliates as permitted by federal law, specifically the Gramm-Leach-Bliley Act of 1999.

    ... *with other companies.*

    To improve efficiency with which we provide you service, USA Funds has contracted with other companies and organizations to perform various business operations or provide services on our behalf. These various contracted vendors are not affiliated with USA Funds. As part of these business relationships, USA Funds will share your personal and financial information with these contracted vendors to process, service, administer and enforce a transaction. The sharing of your personally identifiable information in this instance is either required or permitted by federal law. We require these contracted vendors comply with strict standards of security and confidentiality, and they are not permitted to release, use or transfer any personal information to any other party for their own use. USA Funds also requires these various contracted vendors to maintain controls to protect your privacy including physical, electronic and procedural safeguards that comply with federal regulations.

DEFBRA28                                                                 836   P: 2

Henderson000006

*... in general.*

USA Funds does not sell customer lists or individual customer information. USA Funds will, however, exchange personal information about you with your lender, your school, other guarantors and the U.S. Department of Education and other departments of State and Federal government as permitted by state and federal law and regulations. USA Funds will also exchange certain personally identifiable information about you with selected credit reporting agencies, when it is legally required, such as in response to a subpoena and to prevent fraud or to comply with a legally permitted inquiry by a government agency or regulator.

* *Choices on how we use your information.*

USA Funds' does not disclose personally identifiable information about you to any other company or organization that is not affiliated with USA Funds except as permitted by federal law, specifically the Gramm-Leach-Bliley Act of 1999. The confidentiality of your personally identifiable information will continue to be maintained consistent with this policy notice even if your account is paid-in-full or discharged, your account becomes inactive, or when you otherwise cease to do business with us.

USA Funds will share your personally identifiable financial information with companies and other organizations that are not affiliated with USA Funds as necessary to process, service, administer and enforce a transaction you have requested. The sharing of your personally identifiable information in this instance is either required or permitted by federal law. For your protection, we require that these companies and other organizations keep your personally identifiable information secure and confidential. Because we already limit the sharing of your personally identifiable information as outlined above, no action is necessary on your part to limit such sharing.

* *Our Security.*

USA Funds has implemented standards of technology and operational security to protect your personally identifiable information from loss, misuse, alteration or destruction. Information that is collected for processing or as a USA Funds record is transmitted directly to a secure internal database server, and information stored there is not accessible to unauthorized parties via the Internet or other means. Only authorized personnel whose job responsibilities require it are provided access to your personally identifiable information. USA Funds employees and contracted vendors are required to comply with our security, privacy and confidentiality standards and practices. USA Funds also audits our contracted vendors for compliance with our security, privacy and confidentiality standards and practices.

Other Important Privacy Information:

* *Third Party Sites.*

Please remember USA Funds' Privacy Policy applies only to USA Funds and our website. It does not apply to websites that may be linked to or from our site or any other company or organization.

**Visit our website at loansolutions.usafunds.org for loan detail information.**

DEFBRA28/DA28UFP                                                                                    836   P:  3

Henderson000007