**John P. Fishwick, Jr.**

Telephone: 540.345.5890
Facsimile: 540.345.5789

john.fishwick@fishwickandassociates.com
www.fishwickandassociates.com

**FISHWICK & ASSOCIATES** PLC

Professional Arts Building
30 Franklin Road
Suite 700
Roanoke, VA 24011

Mailing Address:
P. O. Box 749
Roanoke, VA 24004

July 1, 2019

**Via Electronic Mail**
Joshua F. P. Long
F. Elizabeth Burgin Waller
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011
jlong@woodsrogers.com
bwaller@woodsrogers.com

Lisa M. Simonetti
Christopher R. Ramos
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
simonettil@gtlaw.com
ramosc@gtlaw.com

Michael A. Hass
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard Suite 1000
McLean, Virginia 22102
hassm@gtlaw.com

     Re: <u>Willie Henderson v. General Revenue Corporation et al.</u>
       Case No.: 7:17cv292

Dear Counsel:

  I write regarding Navient Portfolio Management's ("NPM") responses to Plaintiff's First Interrogatories and Requests for Production. Plaintiff's First Discovery was served on NPM on May 24, 2019. After requesting and receiving an extension, NPM responded on June 28, 2019. As described herein, the responses are inadequate, and supplementation is required.

**NPM's Responses to Requests for Production**

  NPM has produced no responsive documents as of the date of this letter, other than those produced pursuant to a previously issued subpoena *duces tecum*. There were 21 requests. In


EXHIBIT D

response to RFPs 1-4, 7, 10-19, and 21, NPM offered several objections and the same response: "NPM will produce responsive, non-privileged documents in its possession, custody and control that can be located after a diligent search and reasonable inquiry and which have not already been produced." As noted above, this discovery was served upon NPM on May 24, 2019, thus NPM has had plenty of time to conduct a "diligent search" and to "make a reasonable inquiry" and we request that all responsive documents be produced immediately.

Regarding RFP # 5, which asked for "All documents reflecting how the principal amount of Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC," NPM identified NPM_WH_0000001–NPM_WH_0000068, which were produced in response to the previously issued subpoena *duces tecum*. These documents appear to be Henderson's "payment history." Please identify more specifically what documents among NPM_WH_0000001–NPM_WH_0000068 are responsive to this request.

Regarding RFP # 6, which asked for "All documents reflecting how fees, charges and/or interest related to Plaintiff's loan debt was calculated by anyone employed by, or on behalf of, Navient Portfolio Management, LLC," NPM identified NPM_WH_0000001–NPM_WH_0000068, which were produced in response to the previously issued subpoena *duces tecum*. Again, these documents appear to be Henderson's "payment history." Please identify more specifically what documents among NPM_WH_0000001–NPM_WH_0000068 are responsive to this request.

RFP # 8 asked for "All policies and procedures you maintain pertaining to the collection procedures governing the collection communications and program as it relates to Plaintiff's loan debt, which is the subject of this action." NPM objected on the basis of (1) relevancy; (2) confidential information; (3) overly broad, unduly burdensome and harassing; and (4) vague and ambiguous, and stated, "NPM will not produce any additional documents in response to this Request." First, it is unclear what is meant by "NPM will not produce any *additional* documents in response to this Request" (emphasis added). If NPM has produced documents responsive to this request, NPM must identify such documents. Second, NPM's objections do not stand: (1) the request is relevant because Plaintiff has brought claims against NPM related to NPM's collection practices, making NPM's policy regarding the same relevant; (2) there is a Protective Order in place, so NPM's confidentiality concerns are unfounded; (3) the request is limited in scope to NPM's collection procedures that relate to the subject of this action; and (4) program is not an ambiguous word, it simply means NPM's "plan of action"[1] related to debt collection. The documents requested here are discoverable, and we request that your client promptly produce all responsive documents.

RFP # 9 asked for "Copies of all audio recordings of any kind of any communications with Plaintiff." NPM objected on the basis of (1) relevancy and (2) not limited to a time period relevant or proximate to the events at issue, and stated "NPM will not produce any additional documents in response to this Request." First, it is unclear what is meant by "NPM will not produce any *additional* documents in response to this Request" (emphasis added). If NPM has produced documents responsive to this request, NPM must identify such documents. Second,

---

[1] https://www.dictionary.com/browse/program

NPM's objections do not stand: (1) the request is relevant because NPM's communications with Plaintiff may be or may lead to admissible evidence; and (2) the request pertains solely to NPM's communications with Henderson, and thus is sufficiently limited so as not to be an unduly burdensome. Please have your client promptly produce all responsive documents to this request.

RFP # 10 asked for "All documents relating to the writing, revision, and approval of the documents attached as Exhibits A, D, E and F to the Second Amended Complaint, and Exhibit A to the foregoing Interrogatories." NPM objected on the basis of (1) relevancy; (2) information protected by attorney-client privilege; (3) overly broad, unduly burdensome and harassing; and (4) it seeks documents that are not in the possession, custody or control of NPM, and stated "NPM will not produce any additional documents in response to this Request." First, it is unclear what is meant by "NPM will not produce any *additional* documents in response to this Request" (emphasis added). If NPM has produced documents responsive to this request, NPM must identify such documents. Second, NPM's objections do not stand: (1) the request is relevant because any document related to exhibits in the Second Amended Complaint are necessarily relevant; (2) the request does not on its face ask for any privileged documents and, of course, any actually privileged documents are not subject to the request;[2] and (3) the request is sufficiently limited. With respect to the fourth objection, its basis - "Exhibits A, D, E and F to the Second Amended Complaint are not NPM documents" - makes little sense. This request asks for any documents *relating* to the writing, revision, and approval of Exhibits A, D, E and F, so whether Exhibits A, D, E and F are "NPM documents" or not is of no import. Exhibits A, D, E and F were sent by NPM's "subordinate servicers," so it may be that NPM was involved in the writing, revision, and approval of those documents. NPM's response to this request, as it stands now, does not inform Plaintiff whether such relevant documents even exist or not, and we request that your client respond fully to this request.

We request that NPM produce documents responsive to these requests immediately. Plaintiff's discovery was served on NPM on May 24, 2019 and the deadline to complete discovery was June 25, 2019. Furthermore, deadlines are rapidly approaching in this case: the deadline to file dispositive motions is July 10, 2019 and trial is set for September 23-27, 2019. Additionally, Plaintiff's scheduled deposition of NPM's corporate designee is less than three weeks from now. Accordingly, Plaintiff requests that NPM produce responsive documents immediately.

**NPM's Answers to Interrogatories**

NPM provided only objections in its answers to Interrogatories 4, 5, 12, 17, and 18. These interrogatories are proper and should be answered for the following reasons.

Interrogatories 4, 12, 17, and 18 ask for basic information regarding NPM's corporate structure and relationship with other entities. Given Plaintiff's allegations of intertwined

---

[2] However, NPM has not produced a privilege log with respect to this request; therefore, Plaintiff cannot ascertain the propriety of withholding any documents responsive to this request.

3

corporations, this information is relevant and should be answered, thus we request that your client respond fully and completely to these interrogatories.

Interrogatory 5 asks NPM to identify "every collections-related lawsuit, arbitration, or investigation in which Navient Portfolio Management has been involved from 2007 through the present." This request is relevant, reasonably calculated to lead to admissible evidence, and properly limited in scope and time. Furthermore, "collections-related" is not a vague or ambiguous phrase; indeed, NPM described its own business as related to "collection services,"[3] so NPM should have a full understanding of the meaning this phrase. Thus, we request NPM fully and completely answer this interrogatory.

NPM provided objections in response to Interrogatories 6-8, and only answered by pointing towards documents produced previously in the case. These responses, however, are insufficient and unclear, requiring supplementation.

In its answer to Interrogatory 6, NPM directed Plaintiff to the document Bates Numbered Henderson0000001–Henderson0000007 (a document produced by Plaintiff in this case). However, this document - a letter from USAF dated November 25, 2016 - does not even mention NPM, nor does it explain how and when NPM obtained or received Plaintiff's loan. Thus, NPM needs to supplement this interrogatory answer.

In response to Interrogatory 7, NPM directed Plaintiff to the document Bates Numbered NPM_WH_0000005–NPM_WH_00000007. This document, however, does not explain how NPM calculated Plaintiff's alleged debt. Thus, NPM needs to supplement this interrogatory answer.

In response to Interrogatory 8, NPM directed Plaintiff to the document Bates Numbered NPM_WH_0000005–NPM_WH_00000007. This document, however, does not explain how NPM calculated fees, interest and/or other charges with respect to Plaintiff's alleged debt. Thus, NPM needs to supplement this interrogatory answer.

Finally, with respect to Interrogatories 9-10, which ask NPM to provide a basis for its third and fifth affirmative defense, respectively, NPM's responses are insufficient. NPM states that these interrogatories are premature and require further discovery for NPM to answer. Given these responses, it is apparent that NPM asserted its third and fifth affirmative defenses without having any basis to do so. Accordingly, unless NPM can supplement its responses to these interrogatories immediately, Plaintiff will move to strike these defenses.

Additionally, we request that your client respond to these discovery requests fully and completely by close of business Wednesday, July 3, 2019. If your client does not comply, we will promptly file a Motion to Compel and ask the Court, because of the deadlines and upcoming 30(b)(6) Deposition, for an immediate hearing.

---

[3] *See* NPM's response to Interrogatory 13.

4

Lastly, to the extent NPM withholds documents for privilege, please provide a privilege log so that Plaintiff can assess any claims of privilege asserted by NPM.

Thank you for your attention to this matter.

Sincerely,

Fishwick & Associates PLC

John P. Fishwick, Jr.

cc: Monica L. Mroz
Carrol M. Ching
Daniel Martin