## John Fishwick

| | |
|---|---|
| **From:** | hassm@gtlaw.com |
| **Sent:** | Friday, July 5, 2019 9:00 AM |
| **To:** | John Fishwick; simonettil@gtlaw.com |
| **Cc:** | allenmayed@gtlaw.com; Monica Mroz; ramosc@gtlaw.com; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching; Daniel Martin; Amy Guthrie |
| **Subject:** | RE: W. Henderson v. General Revenue Corporation, et al. |

John,

I will call you at 9:00 for our meet-and-confer on the issues you raised in your letter. I will call your office number; if there is a different number to call, please let me know.

To frame our conversation, I wanted to respond to some of the items in your letter. As you know, the third-party subpoena you served on NPM earlier in this case was extraordinarily broad. NPM complied with that subpoena searching for and producing numerous documents in response. The document requests which you served after adding NPM to the case were largely duplicative of the documents sought in your subpoena, a fact NPM noted in its responses. That said, if there are specific documents or general categories you believe exist but do not have, please let us know what those are, and we can discuss the issue.

As to Requests for Production 5 and 6, your request sought documents which "reflect" how Plaintiff's loan debt, fees, charges, and interest were calculated. Those documents were produced and referenced specifically in our responses to your requests. This not only meets our obligations under the relevant discovery rules but very clearly sets out the information responsive to the requests; NPM is not obliged to parse out any further what you might deem as "reflecting" the calculation of Plaintiff's debt. To the extent you desire more information about these documents, you will have the opportunity to ask questions of NPM's corporate representative at the upcoming deposition.

Further, despite your belief that Request 8 is clear and narrowly tailored, it is not. Calling a "program" a "plan of action" does not aid NPM in determining what documents you seek. If you provide further clarity on what you are seeking in your Request here, we can better assess whether there exist any documents not already produced which are responsive.

Your Request 9 is confusing in that it asks for copies of audio recordings of communications with Plaintiff. To NPM's knowledge, it had no such communications with Plaintiff. However, if you believe this is in error, please let us know.

As to Request 10, your claim that a demand for all documents somehow "relat[ed] to the writing, revision, and approval" of the documents identified is "sufficiently limited" is incorrect. There is absolutely no way to determine what documents you might consider as being "related to" these documents. Moreover, the Request *does* seek documents which would be protected by privilege, even if you do not think it does on its face. Nevertheless, NPM's response that these documents are not NPM's makes abundant sense; to the extent you remain confused about NPM's response, we can discuss whether a supplemental response would clarify the issue for you.

EXHIBIT F

As to the Interrogatories: numbers 4, 12, 17, and 18—seeking NPM's corporate structure and relationship with other entities—are vague and do not tell us what information you are actually seeking. If you clarify your Interrogatories, we can assess whether there is a response we can provide.

Interrogatory 5 is both vague and overbroad. It is not possible to know what lawsuits are related in some way to "collections" that NPM has somehow "been involved" in some nebulous way. Your failure to define what you believe is "collected-related" is not mollified by NPM's interrogatory responses. Moreover, any lawsuits NPM might have been "involved in" 12 years ago is not at all relevant to this case which involves events of the past 2 years. Further, any such lawsuits are public information and can be easily obtained by you. There is no other response we can provide unless you clarify your Interrogatory.

As to Interrogatories 6-8, NPM is, of course, permitted to answer by referring to documents produced in the case when the response to the Interrogatory may be discerned therefrom. NPM has done that here. The process of how and when NPM became involved with Plaintiff's defaulted loan has been disclosed repeatedly in this litigation, and to the extent you remain confused about any of it, you will have the opportunity to ask further questions of NPM's corporate representative at the upcoming deposition.

As for Interrogatories 9 and 10, your assertion that NPM has no basis for these affirmative defenses is unfounded. We can supplement our responses to these Interrogatories.

As a general matter, the compressed timeline in this litigation is by your own design. NPM was made a party to this litigation at the last minute and is the reason the parties have attempted to cram an entire case's worth of discovery relating to NPM into a couple months. To the extent you desire additional time to request, receive, and review discovery, the schedule can be amended; you have not sought to do so. We have worked, and will continue to work, diligently to meet our discovery obligations, but your complaints that you lack sufficient time to prosecute your case is a result of your own litigation strategy and can be addressed at any point by petitioning the Court for a different schedule.

We look forward to working with you to resolve these discovery issues on and after our upcoming phone call.

Thank you,
Mike


**From:** John Fishwick [mailto:John.Fishwick@fishwickandassociates.com]
**Sent:** Wednesday, July 3, 2019 9:54 AM
**To:** Hass, Michael A. (Assoc-NVA-LT) <hassm@gtlaw.com>; Simonetti, Lisa (Shld-LA-LT) <simonettil@gtlaw.com>
**Cc:** Allen-Maye, Desiree (Para-LA-LT) <allenmayed@gtlaw.com>; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; Ramos, Christopher R. (Assoc-LA-LT) <ramosc@gtlaw.com>; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** RE: W. Henderson v. General Revenue Corporation, et al.

Mike, To make the call as productive as possible, it would be helpful if you would provide in writing your position/response on the issues we have raised in our letter of July 1st. Since I don't know who will be the call for your client, why don't you plan on calling me on Friday. Thanks, John

 

**John P. Fishwick, Jr. | Fishwick & Associates, PLC**
30 Franklin Road, Suite 700 | Roanoke, VA  24011
Phone 540.345.5890 | Facsimile 540.345.5789

john.fishwick@fishwickandassociates.com | www.fishwickandassociates.com



NOTICE:  This message and its attachments are confidential and may be protected by the attorney/client privilege.   If you have received this message in error, please notify the sender immediately by e-mail and delete and destroy this message and its attachments.

**From:** hassm@gtlaw.com <hassm@gtlaw.com>
**Sent:** Wednesday, July 3, 2019 9:20 AM
**To:** John Fishwick <John.Fishwick@fishwickandassociates.com>; simonettil@gtlaw.com
**Cc:** allenmayed@gtlaw.com; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; ramosc@gtlaw.com; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** RE: W. Henderson v. General Revenue Corporation, et al.

John:

We respectfully disagree with your recounting of events and how you "view" these communications.  The first we knew that you were raising an issue with NPM's discovery responses was when we received your letter late Monday afternoon.  Our efforts yesterday to set up a time to discuss your letter with you is not some nefarious attempt to somehow disadvantage you; rather, it is our attempt to meet *both* parties' obligations under the rules to narrow any discovery disputes before they are taken to a judge.  I am glad you have finally identified a time you are free for such a meet-and-confer.

9:00 a.m. on Friday morning for a teleconference is fine.

Thank you,
Mike

**From:** John Fishwick [mailto:John.Fishwick@fishwickandassociates.com]
**Sent:** Tuesday, July 2, 2019 5:03 PM
**To:** Hass, Michael A. (Assoc-NVA-LT) <hassm@gtlaw.com>; Simonetti, Lisa (Shld-LA-LT) <simonettil@gtlaw.com>
**Cc:** Allen-Maye, Desiree (Para-LA-LT) <allenmayed@gtlaw.com>; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; Ramos, Christopher R. (Assoc-LA-LT) <ramosc@gtlaw.com>; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel

3

Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** RE: W. Henderson v. General Revenue Corporation, et al.

Mike:

As previously noted, we served discovery on NPM on May 24, 2019, yet you waited until June 21st to ask for a two-week extension for your client's responses.  Monica wrote to you and said given the compressed timeline, we are comfortable providing an extension to June 28th.  You never acknowledged, nor responded to this email. At no time did you reach out to us about "narrowing the issues" and instead you provide only marginally complete responses on June 28th, to which we have responded.  We view your efforts to set a phone conference next week as a continued effort to stall responses and production and to hamper our efforts to be prepared for the July 19th deposition and upcoming summary judgment motions. Further, Lisa stated she was in a meeting and deposition this week, and while I understand workload responsibilities, respectfully I am sure you knew about these deposition(s) for some time.  Respectfully, our firm is also in depositions for two days this week in another federal court case, but we remain fully engaged with our work in the Henderson matter. In an effort to continue to move this case along, I will make myself available to talk with you, or another attorney working on this case, tomorrow by telephone or at 9:00 Friday morning.  I view all of this back and forth to date as more than sufficient under the "meet and confer" requirements of the Rules, but will further agree to hold off filing the Motion to Compel until mid-day on Friday if you want a phone conference tomorrow or at 9 am Friday morning. Best, John

 

**John P. Fishwick, Jr. | Fishwick & Associates, PLC**
30 Franklin Road, Suite 700 | Roanoke, VA  24011
Phone 540.345.5890 | Facsimile 540.345.5789

john.fishwick@fishwickandassociates.com | www.fishwickandassociates.com



NOTICE:  This message and its attachments are confidential and may be protected by the attorney/client privilege.   If you have received this message in error, please notify the sender immediately by e-mail and delete and destroy this message and its attachments.

**From:** hassm@gtlaw.com <hassm@gtlaw.com>
**Sent:** Tuesday, July 2, 2019 3:33 PM
**To:** John Fishwick <John.Fishwick@fishwickandassociates.com>; simonettil@gtlaw.com
**Cc:** allenmayed@gtlaw.com; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; ramosc@gtlaw.com; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** RE: W. Henderson v. General Revenue Corporation, et al.

John,

4

Your blanket assertion that NPM will not comply with your discovery requests is unfounded. Moreover, your rush to file a Motion to Compel without conducting a meet-and-confer violates the Court's rules. We are happy to confer with you so that we can narrow the issues in dispute, but we have simply asked for more time to review and respond to the issues raised in your letter. Demanding total compliance with your demands in two days, during a holiday week, and when we have informed you that we are in depositions and meetings, is simply unreasonable and is not in good faith.

We will gladly to set up a time with you next week after the holiday to discuss your letter and work with you in good faith to narrow any disputed issues, just as both sides have done throughout discovery to date; to that end, please let us know when you are available for a meet-and-confer. Should you file a Motion to Compel in the meantime, without such a good faith attempt to confer with us, we will be sure to note the same in any response to the Court.

Thank you,
Mike

**Michael A. Hass**
Associate

Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000 | McLean, VA 22102
T +1 703.749.1300
hassm@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig

**From:** John Fishwick [mailto:John.Fishwick@fishwickandassociates.com]
**Sent:** Tuesday, July 2, 2019 1:31 PM
**To:** Simonetti, Lisa (Shld-LA-LT) <simonettil@gtlaw.com>
**Cc:** Allen-Maye, Desiree (Para-LA-LT) <allenmayed@gtlaw.com>; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; Ramos, Christopher R. (Assoc-LA-LT) <ramosc@gtlaw.com>; Hass, Michael A. (Assoc-NVA-LT) <hassm@gtlaw.com>; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** RE: W. Henderson v. General Revenue Corporation, et al.

Good Afternoon:

Since your client is not going to comply with our discovery requests, we, as noted in our July 1, 2019 letter, will promptly file a motion to compel and ask the Court for some hearing dates. Best, John



**John P. Fishwick, Jr. | Fishwick & Associates, PLC**
30 Franklin Road, Suite 700 | Roanoke, VA 24011
Phone 540.345.5890 | Facsimile 540.345.5789

john.fishwick@fishwickandassociates.com | www.fishwickandassociates.com



NOTICE: This message and its attachments are confidential and may be protected by the attorney/client privilege. If you have received this message in error, please notify the sender immediately by e-mail and delete and destroy this message and its attachments.

**From:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Sent:** Tuesday, July 2, 2019 12:14 PM
**To:** John Fishwick <John.Fishwick@fishwickandassociates.com>
**Cc:** allenmayed@gtlaw.com; Monica Mroz <Monica.Mroz@fishwickandassociates.com>; ramosc@gtlaw.com; hassm@gtlaw.com; jlong@woodsrogers.com; bwaller@woodsrogers.com; Carrol Ching <Carrol.Ching@fishwickandassociates.com>; Daniel Martin <daniel.martin@fishwickandassociates.com>; Amy Guthrie <Amy.Guthrie@fishwickandassociates.com>
**Subject:** Re: W. Henderson v. General Revenue Corporation, et al.

We have reviewed your letter, received yesterday afternoon, and will not be able to respond by tomorrow. I am in a meeting and deposition, and tomorrow is the day before the holiday. We will have to get back to you next week.

Sent from my iPad

On Jul 1, 2019, at 1:32 PM, John Fishwick <John.Fishwick@fishwickandassociates.com> wrote:

> **\*EXTERNAL OF GT\***
>
> Good Afternoon, Attached is correspondence in the above styled case. Thank you for your attention to this matter. Best, John
>
> <image002.jpg><image003.jpg>
>
> **John P. Fishwick, Jr. | Fishwick & Associates, PLC**
> 30 Franklin Road, Suite 700 | Roanoke, VA 24011
> Phone 540.345.5890 | Facsimile 540.345.5789
>
> john.fishwick@fishwickandassociates.com | www.fishwickandassociates.com
>
> <image005.jpg>
>
> NOTICE: This message and its attachments are confidential and may be protected by the attorney/client privilege. If you have received this message in error, please notify the sender immediately by e-mail and delete and destroy this message and its attachments.
>
> **From:** allenmayed@gtlaw.com <allenmayed@gtlaw.com>
> **Sent:** Friday, June 28, 2019 2:40 PM
> **To:** Monica Mroz <Monica.Mroz@fishwickandassociates.com>; John Fishwick <John.Fishwick@fishwickandassociates.com>
> **Cc:** simonettil@gtlaw.com; ramosc@gtlaw.com
> **Subject:** W. Henderson v. General Revenue Corporation, et al.

Dear Counsel,

Attached are Navient Portfolio Management, LLC's responses to plaintiff's interrogatories and request for documents.

**Desiree Allen-Maye**
Paralegal

Greenberg Traurig, LLP
1840 Century Park East
Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7829   | F +1 310.586.7800   | C +1 818.974.7309
allenmayed@gtlaw.com | www.gtlaw.com

<image006.png>

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

<20190701123023.pdf>