Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br>*et al.*<br><br>    Defendants. | Civil Action No.: 7:17cv292 |

## PLAINTIFF'S RULE 30(b)(6) NOTICE TO TAKE DEPOSITION OF NAVIENT PORTFOLIO MANAGEMENT, LLC

**TO:** Lisa M. Simonetti, Joshua F. P. Long, F. Elizabeth Burgin Waller, Michael A. Hass.

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, by counsel, will depose Navient Portfolio Management, LLC ("NPM"), by its designation of one or more officers, directors, representatives, or other persons who consent to testify on its behalf on **a date to be determined**, and in a location to be determined, before a notary public or some officer authorized to administer oaths. The testimony may be stenographically recorded. Pursuant to Rule 30(b)(6), NPM must designate those officers, directors, representatives, or other persons who will testify on its behalf, and the matters upon which each such person(s) will testify.

Please provide an individual or individuals who will testify on behalf of NPM on the following topics:

1

1. The corporate administration, organizational, and management structure of NPM from June 22, 2016 through the present, including the purpose of each student loan collections related department, division or organizational unit and a general description of the duties of the employees in each such organizational unit.

2. The identity of all officers, directors, and majority shareholders of NPM, from June 22, 2016, through the present, including a general description of the duties performed by each in his or her position with the company.

3. Identification of all documents setting forth or pertaining to NPM's role in and connection with the following collection activities alleged in Henderson's Second Amended Complaint, including any applicable student loan collection policies, procedures, or practices from June 22, 2016 to the present:

- General Revenue Corporation's ("GRC") letter communication to Henderson on February 7, 2017;
- Henderson's February 28, 2017 notification to GRC that he disputed the debt and asked for verification, and the company's response thereto;
- Henderson's April 24, 2017 notification to GRC that he disputed the debt and asked for verification, and the company's response thereto;
- The "Statement of Purchased Account" Henderson received from USAF on April 26, 2017;
- Pioneer Recovery Corporation's ("Pioneer") letter communication to Henderson on September 30, 2017;
- Pioneer's letter communication on behalf of USAF postmarked November 1, 2017;
- The removal of the debt from GRC and the "placement" with Pioneer; and

- Phone calls made by GRC/Pioneer following February 28, 2017 as part of their collection efforts of the alleged Henderson debt.

4. The nature, extent, and content of all communications between NPM and USAF, GRC, Navient Solutions and/or Pioneer regarding Henderson's alleged student loan debt, including but not limited to those concerning: the alleged amounts of principal, interest, or fees owed by Henderson and which NPM, GRC and Pioneer have sought to collect; any calculation methods; or explanation of calculations.

5. The relationship between NPM and Xenith Bank as relates to the servicing and/or collection of Henderson's alleged loan or debt.

6. The location and means of storage and retrieval of all documents pertaining to Henderson, his alleged student loan debt, and/or the collection efforts regarding same.

7. The names, employers, and office locations of all custodians of documents pertaining to Henderson, his alleged student loan debt, servicing and collection efforts of same.

8. Any calculations performed by NPM as to alleged amounts of principal, interest, or fees owed by Henderson and which NPM, GRC, and Pioneer have attempted to collect.

9. NPM's process, including any policies or regulations regarding such, for providing information in response to a request for verification, and specifically what did NPM do when it was made aware of Henderson's first and second requests for verification. (See GRC_WH_0000051-52 (confidential) and GRC_WH_0000053 (confidential))[1].

10. To the extent NPM has no role in verifying the debt, upon whom it relies to perform this process and information regarding same.

---

[1] Please note that references to GRC and Pioneer documents are by the original bates numbers assigned.

11. The terms, effect, and implementation of the Agreement for Collection Services for defaulted Student Loan Accounts owned by USAF between Pioneer and NPM dated June 16, 2016 and attached as Exhibit I to the Second Amended Complaint.

12. The terms, effect, and implementation of the Master Servicing Agreement, Agreement to Provide Portfolio Management and Collection Services between USAF and NPM dated September 1, 2017 and attached as Exhibit G to the Second Amended Complaint

13. The terms, effect, and implementation of the Agreement for Collection Services for defaulted Student Loan Accounts owned by USAF between GRC and NPM dated June 16, 2016 and attached as Exhibit H to the Second Amended Complaint.

14. To the extent NPM may contend that collection efforts on Henderson's debt deviated from what NPM would describe as it's usual practice, a description and explanation as to how.

15. NPM's process for collecting, managing and/or distributing any funds received through collection efforts pursuant to the Agreements attached as Exhibits G, H, and I to the Second Amended Complaint.

16. Generally, NPM's role in or activities related to the administrative set off obtained against a debtor's federal and state tax returns, and specifically as relates to any such set off applied to Henderson's federal or state tax returns.

17. NPM's procedure and/or policy regarding the placing and pulling of accounts from subordinate servicers, and specifically, how, why, and through what methods, actions, and communications was Henderson's debt "placed" with GRC, removed from GRC, and "placed" with Pioneer.

18. The number of and identities of all subordinate servicers NPM has contracted with between June 22, 2016 and the present and any corporate relationship each may have with Navient Corporation.

19. A description and explanation of any shared access to student loan or student loan debt account information among GRC, Pioneer, and/or NPM, and identification of the owner of the data or the owner, controller, or custodian of the repository of any such data.

20. Identification of all parent, subsidiary, and affiliate entities of NPM and identification of the directors and officers of each such entity, the state of incorporation of each entity, and the principal place of business for each entity, and, for each entity identified, identification of any corporate relationship to Navient Corporation.

21. The location of and the custodian for all documents pertaining to Account ID # 50006682856; Account ID # 9835500120-1713; and Consumer ID # 13101249 and an explanation of who assigned or created these accounts.

22. For the individuals with addresses in Virginia who received GRC_WH_0000024-27 (confidential), GRC_WH_0000063-68 (confidential), or substantially similar documents, and who were identified in previous discovery responses, where and under whose control does the data reside for determining who receives such documents.

23. NPM's role in writing, creating, generating, or sending to Henderson and other individuals in Virginia, Henderson0000001-7 or a substantially similar communication between June 22, 2016 and the present.

24. The identities and number of individuals in Virginia who received Henderson000001-7 or a substantially similar communication from June 22, 2016 to the present.

25. Explanation of all information documented and provided in the following documents:

    A.    NPM_WH_0000001-000068; 000069-95; 259; 260-310; 311-338; 339-342; 343-352 (confidential).

    B.    GRC_WH_0001082-87 (confidential).

    C.    GRC_WH_0001088-1151 (confidential).

WILLIE HENDERSON, individually
and on behalf of all others similarly situated

By: _____
        Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
Monica.mroz@fishwickandassociates.com
Carrol M. Ching (VSB #68031)
Carrol.ching@fishwickandassociates.com
Daniel J. Martin (VSB #92387)
Daniel.martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road, Suite 700
Roanoke, VA 24011
(540) 345-5890 Telephone
(540) 345-5789 Facsimile
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Monica L. Mroz, do hereby certify that the foregoing deposition notice was forwarded to opposing counsel by electronic mail as follows:

Joshua F. P. Long
F. Elizabeth Burgin Waller
Joseph Walton Milam, III
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125

Roanoke, VA 24038
jlong@woodsrogers.com
bwaller@woodsrogers.com

Lisa M. Simonetti
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
simonettil@gtlaw.com

Michael Adams Hass
Greenberg Traurig, LLP
1750 Tysons Blvd, Suite 1000
McLean, VA 22102
hassm@gtlaw.com

on this 6th day of June 2019.

_____
Monica L. Mroz