Exhibit E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ) ) ) ) Plaintiff, ) ) v. ) ) GENERAL REVENUE CORPORATION, ) ) and ) ) PIONEER CREDIT RECOVERY, INC. ) ) Defendants. ) ) | Civil Action No.: 7:17cv292 |

## PLAINTIFF'S RULE 30(b)(6) NOTICE TO TAKE DEPOSITION OF PIONEER CREDIT RECOVERY, INC.

TO: Lisa M. Simonetti, Esq., Joshua F. P. Long, Esq., F. Elizabeth Burgin Waller, Esq.

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, by counsel, will depose Pioneer Credit Recovery, Inc. ("Pioneer"), by its designation of one or more officers, directors, representatives, or other persons who consent to testify on its behalf on a date to be determined and in a location to be determined, before a notary public or some officer authorized to administer oaths. The testimony may be stenographically recorded. Pursuant to Rule 30(b)(6), Pioneer must designate those officers, directors, representatives, or other persons who will testify on its behalf, and the matters upon which each such person(s) will testify.

Please provide an individual or individuals who will testify on behalf of Pioneer on the following topics:

1

1. The corporate administration, organizational, and management structure of Pioneer from January 1, 2016 through the present, including the purpose of each student loan collections related department, division or organizational unit and the duties of the employees in each such organizational unit.

2. The identity of all officers, directors, and majority shareholders of Pioneer, from January 1, 2016, through the present, including the duties performed by each individual as a result of his or her position with the company.

3. Identification of all documents setting forth or pertaining to Pioneer's student loan collection policies, procedures, or practices from January 1, 2016 to the present.

4. The nature, extent, and content of all communications either sent or received by Pioneer to or from GRC regarding Henderson's alleged student loan debt.

5. The nature, extent, and content of all communications either sent or received by Pioneer to or from NSL[1] regarding Henderson's alleged student loan debt.

6. The identity of all subcontractors employed by Pioneer to collect student loan debts and who were involved in collecting Henderson's alleged debt, including a description of the activities carried out by any subcontractor as relates to the collection of Henderson's alleged debt.

7. The location and means of storage and retrieval of all documents pertaining to Henderson, his alleged student loan debt, and/or the collection efforts regarding same.

8. The name(s) and address(es) of all custodians of documents pertaining to Henderson, his alleged student loan debt, and collection efforts of same.

9. Any calculations performed by Pioneer as to alleged amounts of principal, interest, or fees owed by Henderson and which Pioneer has attempted to collect.

---

[1] "NSL" refers to Navient, Navient Portfolio Management, LLC, and/or any other entities referred to by Pioneer as Navient or NSL.

10. The nature, extent, and content of all communications sent or received by Pioneer to or from NSL regarding the alleged amounts of principal, interest, or fees owed by Henderson and which Pioneer has sought to collect, including any calculation methods or explanation of calculations.

11. The terms, effect, and implementation of the Agreement for Collection Services for defaulted Student Loan Accounts owned by USAF between Pioneer and NSL dated June 16, 2016, and bates numbered GRC_WH_0000086-112 (confidential).

12. The nature, extent, and content of any communications sent or received by Pioneer to or from USAF regarding Henderson's alleged student loan debt.

13. To the extent Pioneer may contend that collection efforts regarding Henderson's debt deviated from what Pioneer would describe as it's usual practice, a description and explanation as to how.

14. Pioneer's process for managing and/or distributing any funds received through its collection efforts.

15. Pioneer's process, including any policies or regulations regarding such, once a request for a telephonic hearing regarding a proposed garnishment of wages is received from a debtor, and specifically what did Pioneer do when it received Henderson's letter requesting a telephonic hearing regarding the proposed garnishment of his wages, bates numbered GRC_WH_0000069 (confidential), and an explanation of how GRC came to control and produce this document.

16. Generally, Pioneer's role in or activities related to the administrative set off obtained against a debtor's federal and state tax returns, and specifically as relates to any such set off applied to Henderson's federal or state tax returns.

17. Referring to information provided in Pioneer's response to Interrogatory # 6, how, why, and through what methods, actions, and communications was Henderson's loan "placed" with Pioneer.

18. Referring to information provided in Pioneer's response to Interrogatory # 7, how, why, and through what methods, actions, and communications did Pioneer determine Henderson's principal balance, as identified in Exhibit E to the First Amended Complaint, if Pioneer did not calculate Henderson's principal balance.

19. Referring to information provided in Pioneer's response to Interrogatory # 8, how, why, and through what methods, actions, and communications did Pioneer determine Henderson's fees, interest, and/or other charges, as identified in Exhibit E to the First Amended Complaint, if Pioneer did not apply or add fees, interest, and/or other charges with regard to Henderson's loan.

20. Referring to information provided in Pioneer's response to Interrogatory # 9, how, why, and through what methods, actions, and communications did Pioneer determine Henderson's "current amount due," as identified in Exhibit F to the First Amended Complaint, if Pioneer did not calculate the "current amount due" with regard to Henderson's loan.

21. A description and explanation of any shared access to student loan or student loan debt account information available to GRC, Pioneer, and/or NSL, and identification of the owner of the data or the owner, controller, or custodian of the repository of any such data.

22. Identification of all parent, subsidiary, and affiliate entities of Pioneer and identification of the directors and officers of each such entity, the state of incorporation of each entity, and the principal place of business for each entity, and, for any entity identified, identification of any corporate relationship to NSL.

23. The location of and the custodian for all documents pertaining in any way to Account ID # or Reference # 13521216.

24. Explanation of all information documented and provided in GRC_WH_0000028-50 (confidential), including the custodian, controller, and owner of the repository from which this data was accessed, and how GRC came to control and produce this document.

25. Explanation of all information documented and provided in GRC_WH_0000059-62 (confidential), and how GRC came to control and produce this document.

26. Explanation of all information documented and provided in GRC_WH_0000063-68 (confidential), and how GRC came to control and produce this document.

27. Explanation of all information documented and provided in GRC_WH_0000076-77 (confidential), and how GRC came to control and produce this document.

28. Explanation of all information documented and provided in GRC_WH_0000078 (confidential), and how GRC came to control and produce this document.

29. Explanation of all information documented and provided in GRC_WH_0000079-81 (confidential), and how GRC came to control and produce this document.

30. Explanation of all information documented and provided in GRC_WH_0000085 (confidential), including the custodian, controller, and owner of the repository from which this data was accessed, and how GRC came to control and produce this document.

31. Explanation of all information documented and provided in GRC_WH_0000140 (confidential), including the custodian, controller, and owner of the repository from which this data was accessed, and how GRC came to control and produce this document.

32. Dates and times for all communications noted in GRC_WH_0000142-157 (confidential), to the extent such communications occurred after Henderson's loan account was

5

placed with Pioneer for collection, and the identities of all individuals involved in making or supervising the making of these communications, including the employer of each individual.

34. The number of and identities of individuals with addresses in Virginia who received the document attached to Plaintiff's First Amended Complaint as Exhibit "F", and bates numbered GRC_WH_0000063-68, or substantially similar documents, and where and under whose control does the data reside for making such determinations.

Plaintiff reserves the right to amend its Rule 30(b)(6) notice at a later date.

WILLIE HENDERSON, individually
and on behalf of all others similarly situated

By: _____
Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
Monica.mroz@fishwickandassociates.com
Daniel J. Martin (VSB #92387)
Daniel.martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road, Suite 700
Roanoke, VA 24011
(540) 345-5890 Telephone
(540) 345-5789 Facsimile
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I, Monica L. Mroz, do hereby certify that the foregoing deposition notice was forwarded to opposing counsel as follows:

<u>VIA ELECTRONIC MAIL</u>
Joshua F. P. Long
F. Elizabeth Burgin Waller
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125

Roanoke, VA 24038
jlong@woodsrogers.com
bwaller@woodsrogers.com

VIA ELECTRONIC MAIL
Lisa M. Simonetti
Vedder Price, LLP
1925 Century Park East
Suite 1900
Los Angeles, CA 90067
lsimonetti@vedderprice.com

on this __18th__ day of October 2018.

_____
Monica L. Mroz

7