CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 0 2019

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIE HENDERSON, individually and behalf of all others similarly situated, | ) | Civil Action No. 7:17CV00292 |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| v. | ) | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| GENERAL REVENUE CORPORATION, et al., | ) | |
| Defendants. | ) | |

On August 20, 2019, the parties appeared before the court for a hearing on pending motions. This memorandum opinion sets forth the court's rulings on certain issues raised by the parties.

**Background**

On June 22, 2017, plaintiff Willie Henderson filed the instant action against General Revenue Corporation ("GRC"), alleging that GRC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, in its efforts to collect student loan debts from Henderson and others similarly situated. Because the loans at issue originated under the Federal Family Education Loan Program, they are governed by federal regulations adopted under the Higher Education Act. Henderson's original complaint was based on a letter dated February 7, 2017, in which GRC advised Henderson that he had defaulted on his student loan debt and owed over $100,000 in principal, interest, and collection costs. Henderson alleged, among other claims, that GRC violated the FDCPA in sending the letter because GRC had not made disclosures required under the applicable regulations.

On December 21, 2017, the court granted Henderson's motion for leave to file an amended complaint. The amended complaint included additional facts regarding GRC's alleged violations of the FDCPA. It also added claims against a new defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), stemming from Pioneer's communications with Henderson, which included a garnishment notice.

On January 10, 2018, Henderson moved to compel GRC to respond to his discovery requests. The court subsequently referred all non-dispositive pretrial motions, including the motion to compel, to United States Magistrate Judge Robert S. Ballou for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A). On March 12, 2018, the motion to compel was granted in part and denied in part by Judge Ballou.

In the meantime, GRC and Pioneer moved to dismiss certain counts of the amended complaint under Rule 12(b)(6). The court referred the motion to dismiss to Judge Ballou for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). On September 25, 2018, the court adopted Judge Ballou's report and recommendation, and denied the defendants' partial motion to dismiss.

The parties proceeded with discovery, including the depositions of GRC and Pioneer under Federal Rule of Civil Procedure 30(b)(6). Prior to the depositions, GRC and Pioneer lodged objections to the topics identified in the respective deposition notices. The parties were unable to resolve the objections on their own. The record indicates that Judge Ballou "offered an informal resolution process," and that Henderson, GRC, and Pioneer ultimately "conferred with [Judge Ballou] at length on each objection." Pl.'s Br. Supp. Mot. Sanctions 2–3, n.2, Dkt. No. 141. The Rule 30(b)(6) depositions of GRC and Pioneer were conducted in December of 2018.

On February 4, 2019, Henderson moved for leave to file a second amended complaint, which added Navient Portfolio Management, LLC ("NPM") as a defendant and asserted claims of vicarious liability against NPM. The court granted Henderson's motion on March 21, 2019. On April 22, 2019, GRC, Pioneer, and NPM filed their respective answers to the second amended complaint.

On May 29, 2019, the parties appeared before the court for a hearing on the plaintiff's amended motion for class certification. During the hearing, the defendants advised that they intended to move for summary judgment on the class claims asserted in the second amended complaint. The court elected to postpone ruling on the class-certification motion pending the resolution of the defendants' forthcoming motion for summary judgment.

The parties then filed the following motions that are now pending before the court: (1) plaintiff's motion to compel NPM to respond to discovery requests; (2) plaintiff's motion for sanctions; (3) plaintiff's motion for partial summary judgment on defendants' affirmative defenses or, in the alternative, motion to strike defendants' affirmative defenses or, in the further alternative, motion to strike NPM's third and fifth affirmative defenses; and (4) defendants' motion for partial summary judgment. The parties appeared before the court for a hearing on these motions on August 20, 2019.

## Discussion

### I. Plaintiff's Motions

#### A. Motion to Compel and Motion for Sanctions

Henderson has filed two discovery-related motions directed to NPM. In the first motion, Henderson seeks to compel NPM to respond to particular interrogatories and requests for production of documents. In the second motion, Henderson seeks sanctions against NPM on the

basis that it failed to prepare for and respond to topics listed in its Rule 30(b)(6) deposition notice.

For the reasons stated during the hearing, the court finds it appropriate to refer these motions to Judge Ballou for consideration. In support of both motions, Henderson references previous rulings made by Judge Ballou—either formally or informally—in connection with related discovery disputes between Henderson and NPM's co-defendants. It appears that the oral rulings on which Henderson relies were not reduced to writing and are therefore not reflected in the record. See, e.g., Pl.'s Reply Br. Supp. Mot. Compel 1, n.1, Dkt. No. 143 ("Magistrate Judge Ballou decided this issue by teleconference."). Consequently, the court believes that the discovery issues raised in the pending motions should be presented to Judge Ballou in the first instance. Accordingly, the motion to compel will be referred to Judge Ballou for disposition under 28 U.S.C. § 636(b)(1)(A), and the motion for sanctions will be referred for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).

**B. Motion Challenging Affirmative Defenses**

Henderson has also filed a motion challenging the affirmative defenses asserted in the defendants' answers to the second amended complaint. Relying on the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), Henderson argues that all of the affirmative defenses are insufficiently pled and that the court should either grant partial summary judgment to Henderson or strike the affirmative defenses from the defendants' answers. Alternatively, Henderson requests that the court strike NPM's third and fifth affirmative defenses on the basis that NPM failed to respond to requests for discovery related to those defenses.

Case 7:17-cv-00292-GEC Document 154 Filed 08/30/19 Page 4 of 13 Pageid#: 2396

1. **<u>Pleading Challenge under Rules 56(a) and 12(f) of the Federal Rules of Civil Procedure</u>**

"Courts differ as to whether a motion for summary judgment under Rule 56 or a motion to strike under Rule 12(f) is the appropriate procedure by which to challenge an affirmative defense." N.J. Mfrs. Ins. Co. v. Brady, No. 3:15-cv-02236, 2017 U.S. Dist. LEXIS 8268, at *12 (M.D. Pa. Jan. 20, 2017) (citation omitted). In this case, the plaintiff's argument under both rules is the same—namely, that the defendants' affirmative defenses are insufficiently pled. See Pl.'s Br. Supp. Mot. Partial Summ. J. 5, Dkt. No. 134 ("An insufficiently pled affirmative defense may be dismissed on motion for partial summary judgment or struck from the pleading on a motion to strike (or on the Court's own initiative)."); Id. at 10 ("For the same reasons articulated with respect to partial summary judgment, Defendants' respective affirmative defenses should be stricken from their pleadings because they were not articulated with sufficient particularity."). In making this argument, Henderson asks the court to hold that the plausibility standard established in Twombly and Iqbal applies not only to claims, but to affirmative defenses as well. See Pl.'s Br. Supp. Mot. Partial Summ. J. 8 ("Judged by the appropriate pleading standards of Twombly and Iqbal, all of Defendants' respective affirmative defenses fall well short of the required mark.").

The United States Court of Appeals for the Fourth Circuit has not addressed whether the Twombly and Iqbal standard for pleading claims also applies to affirmative defenses. District courts within the Fourth Circuit are divided on the question, but at least two district judges in the Western District of Virginia have declined to apply the heightened pleading standard in this context. See Warren v. Tri Tech Labs., Inc., No. 6:12-cv-00046, 2013 U.S. Dist. LEXIS 69261, at *25, n. 7 (W.D. Va. May 15, 2013) (Moon, J.); Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010) (Wilson, J.); but see Palmer v.

Oakland Farms, Inc., No. 5:10-cv-00029, 2010 U.S. Dist. LEXIS 63265, at * (W.D. Va. June 24, 2010) (Welsh, M.J.) (holding the same heightened pleading standard should apply to affirmative defenses). A review of district court decisions within the Fourth Circuit reveals that "the trend . . . in recent years has been not to apply the Twombly/Iqbal standard to affirmative defenses." Benedict v. Hankook Tire Co., No. 3:17-cv-00109, 2018 U.S. Dist. LEXIS 26129, at *6 (E.D. Va. Feb. 16, 2018); see also Hand Held Prods. v. Code Corp., No. 2:17-cv-00167, 2017 U.S. Dist. LEXIS 89271, at *18 (D.S.C. June 9, 2017) (holding, consistent with the "recent trend," that "Twombly and Iqbal do not provide the pleading standard applicable to affirmative defenses").

After reviewing decisions on both sides of the issue and the applicable Federal Rules of Civil Procedure, this court also concludes that affirmative defenses are not subject to the heightened pleading requirements of Twombly and Iqbal. As another district court recently explained:

> The pleading standards for defenses differ from the plausibility standard for complaints. Rule 8 of the Federal Rules of Civil Procedure establishes the pleading standards in federal court. Rule 8(a) establishes what constitutes a cognizable claim: the party seeking relief must provide (1) a "short and plain statement of the grounds for the court's jurisdiction," (2) a "short and plain statement showing that the pleading is entitled to relief," and (3) a demand for the relief sought. The rule sets out a different standard for responding to a complaint. In responding to a pleading, the responding party must "state" in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." By its plain text, the Rule does not require the responding party to make a "showing"; instead, the responding party meets minimum pleading standards by stating its defenses in short and plain terms. If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a showing of entitle[ment] to relief in the subsections governing answers and affirmative defenses. [T]he purpose of Rule 8(c) is simply to guarantee that the opposing party

> has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.
>
> Moreover, a defendant must answer the complaint within twenty-one days. Unlike plaintiffs, defendant[s] do not have the luxury of prefiling investigations . . . . [R]equiring factual pleading of affirmative defenses is likely to accomplish nothing more than encouraging a flurry of motions to strike affirmative defenses.

Tuggle v. Mamaroneck Capital, LLC, No. 3:19-cv-00025, 2019 U.S. Dist. LEXIS 135668, at *3–4, (M.D. Ga. Aug. 12, 2019) (citations and additional quotation marks omitted); see also Cohen v. SunTrust Mortg., Inc., No. 3:16-cv-02513, 2017 U.S. Dist. LEXIS 47678, at *6 (D.S.C. Mar. 30, 2017) (noting that the text of Rule 8 does not support extending the Twombly/Iqbal standard to affirmative defenses, and that "the 21-day response period is insufficient to gather information to include supporting factual allegations") (citation omitted). For these reasons, the court joins the growing number of courts holding that the heightened pleading standard established in Twombly and Iqbal does not apply to affirmative defenses.

Prior to the Supreme Court's decisions in Twombly and Iqbal, the Fourth Circuit held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004) (citation omitted). The court is satisfied that the defendants' respective answers satisfy this standard, and that the inclusion of the enumerated defenses will not prejudice Henderson in any way. See Warren, 2013 U.S. Dist. LEXIS 69261, at *25 (declining to strike allegedly boilerplate defenses where the plaintiff had not demonstrated any resulting prejudice). If and when the case is tried, the parties will have the opportunity to address any remaining affirmative defenses on which the defendants intend to rely. Accordingly, Henderson's motion to dismiss or strike all of the defendants' affirmative defenses as insufficiently pled will be denied.

2. **Discovery-Related Challenge**

Henderson alternatively asserts that NPM's third and fifth affirmative defenses should be stricken as a sanction for failing to adequately respond to interrogatories seeking the factual bases for such defenses. For the reasons set forth above, the court finds it appropriate to refer this and other discovery-related challenges to Judge Ballou for consideration in the first instance. Thus, this portion of Henderson's motion will be taken under advisement pending the issuance of a report and recommendation.

II. **Defendants' Motion for Partial Summary Judgment**

The defendants have moved for partial summary judgment with respect to Counts V and VI. In Count V, Henderson claims, on behalf of Class "A," that the February 7, 2017 letter from GRC violated §§ 1692e and 1692f of the FDCPA because, among other reasons, Henderson and potential class members had not been advised of their rights under the applicable federal regulations. In Count VI, Henderson claims, on behalf of Class "B," that the subsequent garnishment notice from Pioneer violated §§ 1692e and 1692f of the FDCPA because, among other reasons, the notice failed to comport with various regulatory requirements.

During the hearing on the pending motions, the court advised the parties that it did not believe that the defendants' motion for partial summary judgment could be fully adjudicated until all of the outstanding discovery disputes are resolved. The court also noted that the defendants raised new arguments in their reply brief to which Henderson had not received the opportunity to respond. The court invited argument on any discrete legal issues that the parties wished to address, and agreed to allow for supplemental briefing on the new arguments raised in the defendants' reply brief, including the defendants' reliance on the Seventh Circuit's

application of the bona fide error defense in Kort v. Diversified Collection Services, Inc., 394 F.3d 530 (7th Cir. 2005).*

The parties proceeded to present argument on the issue of standing. Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2. "As a result, a litigant seeking redress in a federal court must have standing, which requires proving that he has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

* The FDCPA provides a statutory defense for bona fide errors: "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In Kort, the Seventh Circuit held that a defendant was entitled to the bona fide error defense as a matter of law because the challenged garnishment notice followed a Department of Education form verbatim. 394 F.3d at 538–40. The Court found that the defendant's "wholesale adoption of the DOE's language" sufficiently showed that any error by the defendant was "a good faith, genuine, bona fide error." Id. at 538.

In reaching its decision, the Seventh Circuit recognized that courts were then "divided on whether the bona fide error defense applies to mistakes of law." Id. at 538 n. 9. "[W]ithout engaging in the mistake-of-law analysis," the Seventh Circuit noted that because the defendant did not exercise any legal judgment of its own, any mistake by the defendant was not a mistake of law. Id. Subsequent to Kort, the Supreme Court issued its decision in Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., 559 U.S. 573 (2010), in which the Court held that the bona fide error defense in § 1692k(c) applies to clerical or factual mistakes, but not to FDCPA violations that result from a debt collector's incorrect interpretation of the Act's requirements. 559 U.S. at 587, 604.

In light of the foregoing, the court will permit the parties to submit supplemental briefing on the potential application of the bona fide error defense in the instant case. During the hearing, the plaintiff indicated that documents relevant to this particular defense had not been provided during discovery. If the plaintiff believes that pertinent documents were improperly withheld, he may file an appropriate motion. On the present record, without further factual development, the court is unable to conclude that the defendants are entitled to the bona fide error defense as a matter of law.

In their motion for partial summary judgment, the defendants contend that Henderson does not have standing to pursue an FDCPA claim based on the alleged failure to provide a full 60 days to request administrative review of the legal enforceability or past-due status of his loan obligation prior to assessing collection costs. See 30 C.F.R. § 682.410(b)(5)(iv)(B) ("The deadline established by the agency for requesting administrative review . . . must allow the borrower at least 60 days from the date the notice described in paragraph (b)(5)(ii)(A) of this section is sent to request that review."). Likewise, the defendants argue that Henderson does not have standing to pursue an FDCPA claim based on the alleged failure to provide a full 30 days to request a hearing in response to the garnishment notice. See id. § 682.410(b)(9) (requiring that a written notice be sent at least 30 days before the initiation of garnishment proceedings and setting forth the information that must be contained in such notice). The defendants argue that these alleged deficiencies are "bare procedural violation[s], divorced from any concrete harm," which are insufficient to satisfy the injury-in-fact requirement under Spokeo. Defs.' Br. Supp. Mot. Partial Summ. J. 4, Dkt. No. 149. For the following reasons, the court is unpersuaded.

First, "Spokeo does not 'categorically . . . preclude[] violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing.'" Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 81 (2d Cir. 2018) (quoting Strubel v. Comenity Bank, 842 F.3d 181, 189 (2d Cir. 2016)). "It teaches, instead, that in order 'to determine whether a procedural violation manifests injury in fact, a court properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests.'" Id. (quoting Strubel, 842 F.3d at 189). "[W]here Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without 'need [to] allege any

additional harm beyond the one Congress has identified.'" Strubel, 842 F.3d at 189 (emphasis in original) (quoting Spokeo, 136 S. Ct. at 1549).

In this case, Henderson claims that the defendants violated §§ 1692e and 1692f of the FDCPA. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Sections 1692e and 1692f advance this purpose: the former prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and the latter prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. In the wake of Spokeo, "most courts," including this one, "have found that the FDCPA creates a substantive, not merely procedural, right 'the violation of which would itself give rise to a concrete injury.'" Escobar v. Midland Credit Mgmt., No. 3:18-cv00819, 2019 U.S. Dist. LEXIS 133382, at *7 (D. Conn. Aug. 8, 2019) (quoting Guerrero v. GC Services Ltd. P'ship, No. 2:15-cv-07449, 2017 U.S. Dist. LEXIS 42884, at *29 (E.D.N.Y. Mar. 23, 2017)); see also Drew v. Valley Credit Serv., Inc., No. 3:17-cv-00083, 2018 U.S. Dist. LEXIS 42321, at *7 (W.D. Va. Mar. 14, 2018) (Conrad, J.) (holding that the plaintiff "plausibly alleged violations of § 1692e that, standing alone, satisfy the concreteness requirement for an injury in fact"); Yergovich v. Small Cmty. Specialists LLC, 337 F. Supp. 3d 635, 642 (E.D. Va. 2008) (observing that "a violation of the FDCPA is itself a substantive injury regardless of out of pocket loss").

Second, even if the rights at issue are viewed as procedural, Henderson "has satisfied Spokeo by alleging facts to establish that [the defendants'] alleged FDCPA violations created a material risk of harm." Byrne v. Oregon One, Inc., No. 3:16-cv-01910, 2017 U.S. Dist. LEXIS 132538, at *26 (D. Ore. July 18, 2017); see also Sayles v. Advanced Recovery Sys., 865 F.3d

246, 250 (5th Cir. 2017) ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. Among those circumstances are cases where a statutory violation creates the risk of real harm.") (citations and internal quotation marks omitted). As indicated above, Henderson claims that he was misinformed as to the correct deadlines for requesting administrative review of the legal enforceability of his loan obligation and for requesting a hearing in response to the garnishment notice. Courts have recognized that "[p]rotecting consumers from misinformation is a significant goal behind the FDCPA," and that "the risk of harm is greater" if "a consumer is misinformed, rather than merely uninformed." Untershine v. Encore Receivable Mgmt., Inc., No. 2:18-cv-01484, 2019 U.S. Dist. LEXIS 134377, at *8 (E.D. Wis. Aug. 9, 2019). Applying these principles, the court concludes that Henderson also has standing to pursue the challenged claims on the basis that the allegedly false or misleading information at issue created an appreciable risk of harm.

Third and finally, Henderson has presented evidence that the defendants' allegedly violative communications caused stress-related problems, including difficulty sleeping. See Henderson Dep. 87–88, Dkt. No. 152-2. The Fourth Circuit has recognized that a plaintiff can establish the existence of an injury in fact by showing that he suffered from emotional distress as a consequence of alleged violations of the FDCPA. See Moore v. Blibaum & Assocs., P.A., 693 F. App'x 205, 206 (4th Cir. 2017); Ben-Davies v. Blibaum & Assocs., P.A., 695 F. App'x 674, 676 (4th Cir. 2017). Thus, the evidence cited by Henderson further supports the conclusion that he suffered an injury in fact.

For all of these reasons, the court concludes that Henderson has standing to bring the FDCPA claims asserted in Counts V and VI. To the extent the defendants seek partial summary judgment on the issue of standing, the motion will be denied.

## Conclusion

For the reasons set forth above, the plaintiff's motion to compel will be referred to Judge Ballou for consideration under 28 U.S.C. § 636(b)(1)(A), and the plaintiff's motion for sanctions will be referred to Judge Ballou for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The plaintiff's motion challenging the defendants' affirmative defenses will be denied in part and referred in part to Judge Ballou for a report and recommendation on the requested sanction. The defendants' motion for partial summary judgment will be denied in part and taken under advisement in part pending the resolution of outstanding discovery issues and the submission of supplemental briefing. The parties shall have thirty days from the date of entry of this order to file supplemental briefs on the new issues raised in the defendants' reply brief. Any response shall be filed ten days thereafter. If the parties believe that additional briefing is necessary after the outstanding discovery issues are resolved, they shall so advise the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Judge Ballou and all counsel of record.

DATED: This 30th day of August, 2019.

Senior United States District Judge