IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**WILLIE HENDERSON**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**GENERAL REVENUE CORPORATION, PIONEER CREDIT RECOVERY, INC. and NAVIENT PORTFOLIO MANAGEMENT, LLC**

    Defendants.

Civil Action No. 7:17-cv-00292-GEC

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, by undersigned counsel, respectfully submit this Notice to inform the Court of the December 10, 2019, decision by the United States Supreme Court in *Rotkiske v. Klemm, et al.*, No. 18-328, 589 U.S. \_\_\_\_\_ (2019), attached hereto as Exhibit A. The decision is relevant to defendants' argument that plaintiff's Fair Debt Collection Practice Act ("FDCPA") claims are barred by the statute of limitations.

In *Rotkiske*, defendant Klemm & Associates ("Klemm") filed a lawsuit in 2009 to collect on unpaid debt owed by plaintiff Kevin Rotkiske ("Rotkiske"). Rotkiske did not respond to the summons, and Klemm obtained a default judgment. *See* Ex. A at 2-3. Rotkiske did not discover the judgment until 2014 and filed suit in 2015, alleging a single count under the FDCPA for Klemm's contacting him in 2009 without the "lawful ability to collect." According to Rotkiske the state-law limitations period on collecting the debt had expired. *Id.* at 3.

1

Klemm moved to dismiss because Rotkiske failed to bring his FDCPA claim within one year of the purported violation -- i.e., in 2010. Rotkiske, however, claimed that the "discovery rule" should apply to toll his FDCPA claim because he neither discovered nor could have discovered the alleged FDCPA violation until 2014. The Eastern District of Pennsylvania agreed with Klemm and granted the motion to dismiss because the one-year statute of limitations had expired; the Third Circuit affirmed the district court.

The Supreme Court, in an 8-1 decision, upheld the lower courts and ruled that the discovery rule does not apply to FDCPA claims. The one-year statute of limitations found in § 1692k of the FDCPA begins running from the date of the putative violation, regardless of when the violation is (or could have been) discovered. *See id.* at 6 (opinion of Thomas, J.).[1]

Here, plaintiff Willie Henderson ("Henderson") contends that defendants violated the FDCPA because they sent him notices that misstated the amount owed. *See* Plaintiff's Opp'n to Defendants' Motion for Partial Summary Judgment (the "Opposition"), ECF 145, at 35; Defendants' Reply in Support of Motion for Partial Summary Judgment (the "Reply"), ECF 149, at 17. Yet, as Henderson's designated expert has already stated, the amount of his Consolidation Loan was supposedly miscalculated from its inception in 1995. *See* Opposition at 35-37; Reply at 18. Thus, the alleged FDCPA violations -- the purported misstatement of the amount of Henderson's Consolidation Loan -- allegedly occurred more than 20 years before Henderson filed this action.

In the Opposition, Henderson admits that the FDCPA carries a one-year statute of limitations and admits further that he received notices which he contends were incorrect many years before filing this lawsuit. *See* Supplemental Brief, ECF 165 at 3. His primary defense to

---

[1] The dissent departed from the majority opinion on separate grounds. *See id.* at 12 (Ginsberg, J., dissenting) (agreeing that "the 'discovery rule' does not apply to the one-year statute of limitations contained in the [FDCPA.])".

the clear statute of limitations problem this raises is that "the Fourth Circuit adheres to the 'discovery rule' -- in other words, 'an FDCPA claim accrues at the time of the violation or *when the plaintiff should have known of the violation*.'" *Id.* at 4 (quoting *Lembach v. Bierman*, 528 Fed. App'x 297, 301 (4th Cir. 2013) (emphasis supplied by plaintiff)). Because, according to Henderson, he "had no way of knowing" that his debt "was incorrect as a result of miscalculations," this Court should toll the one-year statute of limitations that would otherwise apply. *See id.* at 4-5. The Supreme Court's opinion in *Rotkiske* conclusively forecloses that argument here. Therefore, as Defendants have argued previously, and following *Rotkiske*, this Court should find that plaintiff's FDCPA claims are barred by the statute of limitations.

3

Case 7:17-cv-00292-GEC    Document 172    Filed 01/02/20    Page 3 of 5    Pageid#: 2751

Dated: January 2, 2020					Respectfully submitted,


					By:  /s/ *Michael A. Hass*

					GREENBERG TRAURIG, LLP
					Lisa M. Simonetti
					simonettil@gtlaw.com
					1840 Century Park East, Suite 1900
					Los Angeles, California 90067
					Tel: 310-586-7700
					Fax: 310-586-7800

					GREENBERG TRAURIG, LLP
					Michael A. Hass
					hassm@gtlaw.com
					1750 Tysons Boulevard Suite 1000
					McLean, Virginia 22102
					Tel: 703-749-1300
					Fax: 703-749-1301

					WOODS ROGERS PLC
					Frances Elizabeth B. Waller
					bburgin@woodsrogers.com
					Joshua F.P. Long
					jlong@woodsrogers.com
					P.O. Box 14125
					Roanoke, VA 24038-4125
					Tel:  540-983-7625
					Fax: 540-983-7711

					*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

/s/ Michael A. Hass