IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br><br>And<br><br>PIONEER CREDIT RECOVERY, INC.<br><br>And<br><br>NAVIENT PORTFOLIO MANAGEMENT, LLC.,<br><br>   Defendants. | Civil No. 7:17-cv-00292 |

## REPORT AND RECOMMENDATION

In this action arising under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq., plaintiff, Willie Henderson ("Henderson"), alleges that defendants violated the FDCPA in efforts to collect student loan debts from Henderson and other similarly situated individuals.[1] The court granted Henderson leave to file a second amended complaint in March 2019, adding Navient Portfolio Management, LLC ("Navient") as a defendant, and asserting claims against Navient for the alleged violations by defendants General Revenue

---

[1] Henderson's Amended Motion to Certify Class (Dkt. No. 112) is currently pending before the court. The court will rule on the motion to certify class once a "forthcoming motion for summary judgment" by defendants has been resolved. Mem. Op. at 3, Dkt. No. 154.

Corporation ("GRC") and Pioneer Credit Recovery, Inc. ("Pioneer").[2] Currently before me are Henderson's motions challenging certain affirmative defenses and for sanctions (Dkt. Nos. 133 and 140), which have been referred for a report and recommendation.[3]

## I.  Motion for Sanctions

Henderson moves for sanctions arguing that Navient's corporate designee, Mark VerBrugge, a Vice President, failed to properly prepare for the 30(b)(6) deposition on July 19, 2019. Henderson states he identified 25 topics in the Amended 30(b)(6) Notice, and the corporate designee could not provide sufficient responses in topics 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 20, 21, 24, and 25.[4] See Plaintiff's Rule 30(b)(6) Notice, Ex. A to Pl.'s Br., Dkt. No. 141-1. In support, Henderson states that Mr. VerBrugge spent "only two hours" preparing for the deposition, could not answer any questions specific to Henderson, and had failed to review many of the documents identified in the Notice. Henderson emphasizes that counsel was unable to question Navient's corporate designee about how Navient calculated its collection fees and costs, which is "the core of the lawsuit." Pl.'s Br. at 16, Dkt. No. 141. As a sanction, Henderson asks the court to strike the defendants' motion for summary judgment. Dkt. No. 140.

Navient characterizes its corporate designee as having extensive knowledge of Navient and its business operations, emphasizing his 25 years of experience, and defends Mr.

---

[2] At the hearing, the parties disagreed whether these claims are solely of vicarious liability. I need not decide that issue; however, I do note that in its memorandum opinion entered on August 30, 2019, the court wrote that "Henderson moved for leave to file a second amended complaint, which added [Navient] as a defendant and asserted claims of vicarious liability against [Navient]." Dkt. No. 154 at 3.

[3] These motions have been referred pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Dkt. No. 155.

[4] Henderson notes that the parties participated in an informal dispute resolution process with me shortly before the corporate depositions for GRC and Pioneer in November 2018, resulting in amended 30(b)(6) notices, and that the Notice for Navient was modeled on these amended 30(b)(6) notices. See n. 3, Dkt. No. 141. However, the issue at the hearing was not whether the 30(b)(6) notices were proper, but whether the corporate designee was properly prepared.

VerBrugge's responses by claiming that Henderson asked him questions with little or no relevance to Navient's involvement in this suit.[5] Navient also emphasizes that it is named only on a vicarious liability theory, and distinguishes this case from <u>Spicer v. Universal Forest Prod., E. Div., Inc.</u>, No. 7:07CV462, 2008 WL 4455854 (W.D. Va. Oct. 1, 2008), which Henderson relies on to support sanctions, noting in that case the witness claimed he had no obligation to know anything about the deposition topics, and was also instructed by counsel not to answer a number of topics.

Following the hearing on this motion, Henderson submitted the entire 30(b)(6) deposition, which I have reviewed.[6] Dkt. No. 164.

**A. Law**

The Federal Rules of Civil Procedure set out a duty on the part of a corporation to prepare for its 30(b)(6) deposition. Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) states in part:

> a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). The corporation or entity named in a Rule 30(b)(6) notice "must make a good-faith effort to designate people with knowledge of the matter sought by the opposing party and to adequately prepare its representatives so that they may give complete, knowledgeable, and nonevasive answers in deposition." <u>Spicer</u>, 2008 WL 4455854, at *3. Of course, no individual

---

[5] Navient served objections to the 30(b)(6) notice on July 15, 2019 located at Ex. A to Dkt. No. 148. However, Henderson responded that the objections were "too late" for meaningful discussion, and plaintiff intended to move forward on all topics without restriction. The deposition occurred on July 19, 2019.

[6] Due to privacy concerns, Henderson docketed the 30(b)(6) deposition without exhibits, but provided the exhibits separately for my review.

can know every possible aspect of an organization's operations; however, while he is "not expected to be a corporate encyclopedia" the corporate designee must be "reasonably and adequately prepared to answer questions about the relevant deposition topics . . . ." Runnels v. Norcold, Inc., No. 1:16-CV-713, 2017 WL 3026915, at *1 (E.D. Va. Mar. 30, 2017) citing In re Vitamins Antitrust Litig., 216 F.R.D. 168, 173 (D.D.C. 2003) (awarding sanctions when the failure to adequately prepare the corporate designee was "'significant, conscious, and material to plaintiffs' discovery in this case'").

Sanctions are available under the Rules when a party impedes the deposition of the corporate representative. See Fed. R. Civ. P. 30 and 37.[7] Further, producing an unprepared Rule 30(b)(6) witness is "tantamount to a failure to appear." United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). If a party produces an unprepared Rule 30(b)(6) witness, the court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)–(vi). See Fed. R. Civ. P. 37(d)(3). Further, "[i]nstead of or addition to" the foregoing sanctions, the court "must require the party failing to act, the attorney advising that party, or both to pay the

---

[7] Fed. R. Civ. P. 37(b)(2)(a) provides:

If . . . witness designated under Rule 30(b)(6) or 31(a)(4) . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Id.; Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp., 318 F.R.D. 44, 54 (S.D.W. Va. 2016).

### B. Analysis

Upon reviewing Mr. VerBrugge's deposition, in conjunction with the 25 identified topics, I find that the Navient did not properly prepare its corporate designee for his deposition. Though Mr. VerBrugge clearly possessed a wealth of general knowledge about Navient, he was unable to respond to a number of listed topics, including documents specifically listed in the 30(b)(6) notice. For example, he had not looked into whether Navient had received notification of certain letters between Henderson and Pioneer and GRC. See Depos. VerBrugge at 31-34, Dkt. No. 164 (discussing February 28, 2017, April 24, 2017 letters). Mr. VerBrugge had also not looked into whether training manuals existed that related to issuing the Statement of Purchased Account received by Henderson. Id. at 40-42. At bottom, Mr. Verbrugge had not investigated information described in multiple identified topics and was not able to speak for the company on these topics.

Mr. Verbrugge first began to prepare for the deposition only the day before, and did not undertake the investigation necessary to be prepared as a witness. Topic 5, which asks the corporate designee to be prepared to discuss "the relationship between [Navient] and Xenith Bank as relates to the servicing and/or collection of Henderson's alleged loan or debt," illustrates this lack of preparation. Mr. VerBrugge stated he had done no investigation into the relationship between these entities. Id. at 59–60. He testified throughout the deposition that he had no knowledge of Mr. Henderson's account and had engaged in no investigation to learn of Mr. Henderson's student load indebtedness. Further, Mr. VerBrugge did not know whether Navient performed any calculations as to the alleged principal, interest, or fees owed by Henderson, and

had not attempted to find out prior to the deposition, even though that was specifically listed as topic 8. Id. at 64. Henderson included three specific account numbers in topic 25 and requested the location of the documents pertaining to these accounts, and who assigned or created the accounts; despite this, Mr. VerBrugge did not identify those accounts in preparation for the deposition. See Depos. at 101-102.

Accordingly, I recommend granting Henderson's motion for sanctions, in part, and recommend the sanction of reopening the 30(b)(6) deposition of Navient, with the reasonable expenses of the second deposition, including attorney's fees, paid by Navient. See Rule 37(b)(2)(C).[8] Additionally, if requested by plaintiff, Navient must bring its corporate designee(s) to Roanoke, where plaintiff's counsel is located. However, as the trial in this case has been continued, there remains time to conduct a second deposition, and I find that a less drastic sanction would be effective, I do not recommend the specific sanction requested by Henderson, striking the defendant's motion for summary judgment. See Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504–05 (4th Cir. 1977) (outlining the factors to consider in determining whether to impose the "most severe of the spectrum of sanctions" default judgment); see also Runnels, 2017 WL 3026915, at *1 (noting that "when an organizational representative is not adequately prepared, an appropriate remedy will often require the deposition of an additional 30(b)(6) representative to provide answers where the first designee failed to do so" and emphasizing "it is worth remembering that the ultimate goal of the 30(b)(6) deposition is simply to provide relevant

---

[8] Rule 37(b)(2)(C) provides for payment of expenses, and states:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

factual information to aid the parties in the investigation of their respective claims and defenses").

## II. Henderson's motion challenging certain affirmative defenses

Henderson also seeks to strike Navient's third and fifth affirmative defenses as a sanction for failing to adequately respond to interrogatories seeking the factual bases for such defenses.[9] Henderson indicates that Interrogatories 9 and 10 specifically asked for facts in support of these affirmative defenses, which Navient did not provide, only indicating that it was still "investigating" the factual bases. Discovery closed on June 25, 2019.

The specific interrogatories and Navient's responses are as follows:

**Interrogatory # 9:**

Please identify all facts which support your Third Affirmative Defense as provided in Defendant Navient Portfolio Management, LLC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

**Response to Interrogatory # 9:**

NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine; and (ii) it is overly broad, unduly burdensome and harassing. Without waiving and subject to these objections and the general objections, NPM responds to this Interrogatory as follows: This Interrogatory is premature and would require speculation by NPM because discovery is ongoing and NPM is still in the process of conducting its investigation and evaluation of the facts and circumstances giving rise to Plaintiff's claims. Consistent with its obligations under Federal Rule of Civil Procedure 26(e)(1), NPM will supplement its response to this Interrogatory as necessary.

**Interrogatory # 10:**

Please identify all facts which support your Fifth Affirmative Defense as provided in Defendant Navient Portfolio Management, LLC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

---

[9] The court declined to strike the affirmative defenses on the ground that they were not pled with particularity, finding this was not required. Mem. Op. at 7, Dkt. No. 154.

7

**Response to Interrogatory # 10:**

NPM objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine; and (ii) it is overly broad, unduly burdensome and harassing. Without waiving and subject to these objections and the general objections, NPM responds to this Interrogatory as follows: This Interrogatory is premature and would require speculation by NPM because discovery is ongoing and NPM is still in the process of conducting its investigation and evaluation of the facts and circumstances giving rise to Plaintiff's claims. Consistent with its obligations under Federal Rule of Civil Procedure 26(e)(1), NPM will supplement its response to this Interrogatory as necessary.

Navient asserts that the request to strike the defenses is untimely under Rule 12(f), as the answer was filed on April 22, 2019 and Henderson filed the motion over three months later. See Dkt. No. 146. Navient also argues that it served supplemental responses to the interrogatories after further investigation, incorporating GRC's responses to the corresponding interrogatories, which is appropriate because Henderson has alleged only vicarious liability against Navient. Finally, Navient argues that the request for striking these affirmative defenses should have been made by way of a motion to compel under Rule 37, and included a "meet and confer certification."

The affirmative defenses at issue are a waiver defense and a bona fide error defense, as follows:

> **Third Affirmative Defense**
> (Waiver)
> The Complaint, and each purported claim alleged therein, is barred by the conduct of Plaintiff and the supposed class members, which amounts to and constitutes a waiver of any right or rights that Plaintiff and the supposed class members may or might have in relation to the matters alleged in the Complaint.
>
> **Fifth Affirmative Defense**
> (Bona Fide Error)
> Defendant alleges that any violations of the FDCPA alleged by Plaintiff and the supposed class members resulted from a bona fide error.

### A. Law

Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may act (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quotation omitted); Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) ("[a] motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted") (citations omitted); see also Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) (noting "[m]otions to strike are . . . granted only for egregious violations") (citation omitted).

### B. Analysis

As an initial matter, Henderson's motion to strike should have been filed before responding to Navient's answer, or "if a response [was] not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Navient filed its answer to the amended complaint on April 22, 2019 (Dkt. No. 122), but Henderson filed his motion to strike the affirmative defenses on July 10, 2019 (Dkt. No. 133). Accordingly, the motion to strike is not timely. However, courts have found that Rule 12(f) permits a court to consider a motion to strike "on its own" even when the motion is untimely. J&J Sports Prods., Inc. v. Lawson, No. 3:17-CV-02939-JMC, 2019 WL 1754744, at *2 (D.S.C. Apr. 19, 2019) (collecting cases). Here, even beyond its untimeliness, I conclude that the motion to strike should not be granted. The court has already permitted the parties to submit supplemental briefing on the "potential application of the

9

bona fide error defense" in this case. Mem. Op. at 9 n*, Dkt. No. 54. Further, the court invited the plaintiff to file an "appropriate motion" if he believes that documents relevant to this defense had not been provided during discovery. Id. Accordingly, I recommend that the motion to strike the pleadings should be denied.

### III. Conclusion

For the foregoing reasons, I **RECOMMEND** granting plaintiff's motion for sanctions (Dkt. No. 140), in part, and imposing the sanction of reopening the 30(b)(6) deposition of Navient, with the reasonable expenses of the second deposition, including attorney's fees, paid by Navient. I further **RECOMMEND** denying plaintiff's motion to strike Navient's third and fifth affirmative defenses (Dkt. No. 133).

The Clerk is directed to transmit the record in this case to Glen E. Conrad, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: February 5, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge