CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 7:17CV00292 |
| v. ) ) | **ORDER** |
| GENERAL REVENUE CORPORATION, ) et al., ) ) | By: Hon. Glen E. Conrad Senior United States District Judge |
| Defendants. ) | |

In this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Willie Henderson alleges that the defendants violated the FDCPA in their efforts to collect student loan debts from Henderson and others similarly situated. On March 21, 2019, the court granted Henderson's motion for leave to file a second amended complaint, which added Navient Portfolio Management, LLC ("Navient") as a defendant. On July 29, 2019, Henderson filed a motion for sanctions on the basis that Navient failed to adequately prepare for a Rule 30(b)(6) deposition conducted on July 19, 2019. Henderson asked that Navient be ordered to pay all costs and fees associated with the deposition, and that the court strike the defendants' motion for summary judgment.

On August 30, 2019, the court referred the motion for sanctions to United States Magistrate Judge Robert S. Ballou for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). On February 5, 2020, the magistrate judge submitted a report in which he recommends that the motion for sanctions be granted in part. After reviewing the transcript of the Rule 30(b)(6) deposition, in conjunction with the 25 identified deposition topics, the magistrate judge found that Navient did not properly prepare its corporate designee for the deposition. Accordingly, the magistrate judge

"recommend[s] the sanction of reopening the 30(b)(6) deposition of Navient, with reasonable expenses of the second deposition, including attorney's fees, paid by Navient." R. & R. at 6, ECF No. 174. Having found that less drastic sanctions would be effective, the magistrate judge does not recommend that the court impose the specific sanction requested by Henderson, namely striking the defendants' motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the parties had fourteen days to file specific written objections to the magistrate judge's report and recommendation. The fourteen-day period has expired, and no objections have been filed by either side. However, on February 19, 2020, Navient filed a response requesting "an order from this Court clarifying the scope of the [second] deposition." Resp. to R. & R. at 2, ECF No. 178. According to Navient's response, the parties have already agreed on a deposition date, time, and location.

Upon review of the record, the court is of the opinion that the report and recommendation should be adopted in its entirety. As recommended by the magistrate judge, the court will impose "the sanction of reopening the 30(b)(6) deposition of Navient, with the reasonable expenses of the second deposition, including attorney's fees, paid by Navient." R. & R. at 10. To the extent that Navient requests that the second deposition be limited to certain of the 25 topics noticed for deposition by Henderson, the request will be denied. Navient will be expected to reasonably and adequately prepare its corporate designee to respond to all 25 topics identified in the amended deposition notice.

Accordingly, it is hereby

**ORDERED**

as follows:

1. The magistrate judge's report and recommendation on the motion for sanction is **ADOPTED** in its entirety;

2. The motion for sanctions (ECF No. 140) is **GRANTED IN PART AND DENIED IN PART**;

3. Henderson is allowed to reopen the Rule 30(b)(6) deposition of Navient;

4. The reasonable expenses of the second deposition, including attorney's fees, shall be paid by Navient; and

5. Navient's request to limit the scope of the second deposition to certain topics is **DENIED**; and

6. Navient shall reasonably and adequately prepare its corporate designee to respond to all 25 topics identified in the amended deposition notice.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED: This 28th day of February, 2020.

/s/ Glen E. Conrad
Senior United States District Judge