Clerk's Office
U. S. District Court
**FILED**
2/28/2020
Julia C. Dudley, Clerk
By: /s/ Susan Moody
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE HENDERSON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 7:17CV00292 |
| v. ) ) ) | **ORDER** |
| GENERAL REVENUE CORPORATION, et al., ) ) ) ) | By: Hon. Glen E. Conrad Senior United States District Judge |
| Defendants. ) | |

In this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Willie Henderson alleges that the defendants violated the FDCPA in their efforts to collect student loan debts from Henderson and others similarly situated. On March 21, 2019, the court granted Henderson's motion for leave to file a second amended complaint, which added Navient Portfolio Management, LLC ("Navient") as a defendant. On April 22, 2019, the defendants filed their respective answers to the second amended complaint.

On July 10, 2019, Henderson filed a motion challenging the affirmative defenses asserted in the defendants' answers to the second amended complaint. Relying on the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), Henderson argued that all of the affirmative defenses were insufficiently pled, and that the court should either grant partial summary judgment to Henderson or strike the affirmative defenses from the defendants' answers on that ground. Alternatively, Henderson requested that the court strike Navient's third and fifth affirmative defenses on the basis that Navient failed to adequately respond to associated interrogatories.

On August 30, 2019, the court denied Henderson's motion to the extent that he sought to dismiss or strike all of the defendants' affirmative defenses as insufficiently pled. To the extent that Henderson alternatively asserted that Navient's third and fifth affirmative defenses should be stricken as a sanction for failing to adequately respond to associated interrogatories, the court found it appropriate to refer that portion of Henderson's motion to United States Magistrate Judge Robert S. Ballou for a report and recommendation.

On February 5, 2020, the magistrate judge submitted a report in which he recommends that the court deny the motion to strike Navient's third and fifth affirmative defenses. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the parties had fourteen days to object to the magistrate judge's report and recommendation. No objections have been filed by either side, and the court is of the opinion that the report and recommendation should be adopted in its entirety.

Accordingly, it is hereby

**ORDERED**

as follows:

1. The magistrate judge's report and recommendation is **ADOPTED** in its entirety; and
2. Henderson's motion to strike Navient's third and fifth affirmative defenses (ECF No. 133) is **DENIED**.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED: This 28th day of February, 2020.

/s/ Glen E. Conrad
Senior United States District Judge